**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bobby M. CHILDERS, Defendant–Appellant.**

**No. 95–6617.**

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1996.

Decided June 12, 1996.

Jennifer L. Webber (argued and briefed), Office of the U.S. Attorney, Memphis, TN, for Plaintiff-Appellee.

Eugene A. Laurenzi (argued and briefed), Agee, Allen, Godwin, Morris & Laurenzi, Memphis, TN, for Defendant-Appellant.

Before: KEITH, KENNEDY, and RYAN, Circuit Judges.

RYAN, Circuit Judge.

The defendant, Bobby Childers, appeals the sentence he received after pleading guilty to one count of possession of stolen mail, in violation of 18 U.S.C. § 1702. He argues that the district court erred in denying him a

two-level reduction for acceptance of responsibility. Finding no error, we shall affirm.

## I.

Postal inspectors questioned Childers in August 1992 regarding allegations that he had stolen mail from collection boxes in Memphis, Tennessee. Childers gave the inspectors a sworn statement, admitting that he had stolen mail from an authorized mail depository on four occasions during the previous two months. He admitted that he had removed the checks from the stolen mail, and burned the remainder. Finally, he admitted that he had altered and cashed the stolen checks, with the help of his sister and her boyfriend. He indicated that he was sorry for his actions, and that he was willing to make restitution.

Following this confession of wrongdoing to the authorities, but before any prosecution for these offenses was initiated, Childers was arrested and convicted several times in state court for passing bad checks, and attempting to negotiate stolen and forged checks.

It was some two years after his initial questioning by postal authorities that Childers was indicted on one count of possession of stolen mail, in violation of 18 U.S.C. § 1708, and one count of obstruction of correspondence, in violation of 18 U.S.C. § 1702. He was not immediately arrested by federal authorities, however, and continued to engage in criminal activity. Specifically, Childers was arrested by state authorities for theft, forgery, and illegal possession of a stolen credit card. Those state charges were still pending when Childers was arrested pursuant to his indictment on the earlier federal crimes. Ultimately, Childers pleaded guilty to the first count of the indictment, in exchange for the government's dismissal of the remaining count. The district court denied Childers a two-level reduction for acceptance of responsibility, and sentenced him to four months of imprisonment and four months in a halfway house. Childers filed this timely appeal, claiming entitlement to a reduction for acceptance of responsibility.

## II.

Because it is generally a question of fact, the trial court's conclusion that a defendant is not entitled to an adjustment for acceptance of "responsibility normally enjoys the protection of the clearly erroneous standard, and will not be overturned unless it is without foundation." *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993). However, this court renders *de novo* review of an acceptance of responsibility determination where, as here, the only issue presented is the propriety of the application of the adjustment to uncontested facts, as this presents a question of law. *United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir.1995); *United States v. Smith*, 39 F.3d 119, 122 (6th Cir.1994).

## III.

U.S.S.G. § 3E1.1(a) provides that a defendant's offense level should be decreased by two levels if he "clearly demonstrates acceptance of responsibility for his offense." The guidelines instruct that while "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility," this evidence may nonetheless "be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3). Thus, merely pleading guilty does not entitle a defendant to an adjustment "as a matter of right." *Id.*; *Wolfe*, 71 F.3d at 616.

The application notes set forth eight considerations for a district court to take into account in determining the appropriateness of the adjustment, among them, "truthfully admitting the conduct comprising the offense(s) of conviction," and "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, comment. (n.1(a) & (b)). The district court reasoned, and the government argues here, that the defendant did not voluntarily terminate or withdraw from criminal conduct after, in 1992, he truthfully admitted to the postal inspectors the conduct constituting the offense of conviction. It is well-established

that the "voluntary termination or withdrawal" factor means that criminal conduct that continues following an acceptance of responsibility, especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate. *See, e.g., Morrison,* 983 F.2d 730; *United States v. Lassiter,* 929 F.2d 267 (6th Cir.1991); *United States v. Snyder,* 913 F.2d 300 (6th Cir.1990), *cert. denied,* 498 U.S. 1039, 111 S.Ct. 709, 112 L.Ed.2d 698 (1991).

█ The essence of the defendant's argument, however, is that the determination whether he accepted responsibility must be made with a view solely to events occurring after his arrest. He claims the events following his 1992 confession are not pertinent, because he was not at the time charged with a crime, and thus had no notice that his behavior during that time would have an effect on the eventual sentencing for his crimes. Childers takes the position that the only relevant acceptance of responsibility took place after his 1995 arrest, because in order to accept responsibility, he needed first to be charged with a crime. Since, following that arrest, he engaged in no criminal conduct, Childers asserts that there is nothing that would tend to detract from his acceptance of responsibility.

Childers is correct that there does not appear to be any case law explicitly deciding the issue as he has framed it. Nonetheless, we are unpersuaded by Childers's argument and we need look no farther than the guidelines themselves to decide this case. Nowhere do the guidelines state, or even suggest, that the only relevant "acceptance of responsibility" is that which follows arrest for the offense of conviction.

Instead, the guidelines provide simply that a defendant is entitled to a downward adjustment if he "clearly demonstrates acceptance of responsibility for his offense." To determine whether a defendant has clearly demonstrated acceptance of responsibility, the district court may consider whether he truthfully admitted culpability for the conduct constituting the offense. Here, the defendant did so on two occasions: once in 1992,

and once in 1995. On both occasions, then, the defendant accepted responsibility. To test the validity of that acceptance, the court is entitled to evaluate a number of factors, among which is whether the defendant voluntarily terminated his criminal conduct following either or both "acceptances." After Childers admitted to the offense conduct in 1992, he had an opportunity to voluntarily terminate his criminal conduct. He chose not to. Instead, he continued a course of criminal conduct involving some of the same or similar offenses. The district court was certainly permitted to consider this continuing criminal conduct as illuminating the sincerity, or lack thereof, of the defendant's claimed acceptance of responsibility. We agree with the district court that, based on the record before it, the defendant's actions were inconsistent with his claims of remorse and contrition, and the court did not err in denying a sentence reduction for acceptance of responsibility.

### IV.

We **AFFIRM.**