110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Martin GREENE, Defendant-Appellant.
 No. 96-5543.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1997.
 
 Before: JONES, SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Andrew Martin Greene pleaded guilty to possession with intent to distribute crack cocaine and was sentenced to 51 months imprisonment. He appeals from the sentence imposed, challenging the district court's denial of an acceptance of responsibility reduction.
 
 
 2
 Based on information from a confidential informant, law enforcement officers in Woodford County, Kentucky learned that defendant was trafficking in crack cocaine. They arrested defendant on October 6, 1995. Defendant had on his person a small pill bottle containing some rocks of crack cocaine, and a plastic bag with some crack.
 
 
 3
 Following his arrest, defendant provided a written statement to the law enforcement officers stating that he was "the biggest crack dealer in Woodford County." He also admitted to other sales, and consented to a search of his apartment.
 
 
 4
 Because defendant was known to the officers and had cooperated at the time of his initial arrest, he was released from custody. He voluntarily surrendered at the appointed date. When a federal indictment was issued on November 2, 1995, defendant surrendered himself to federal authorities and appeared for formal arraignment that same date. He pled not guilty and was released on bond.
 
 
 5
 On January 6, 1996, defendant was formally rearraigned and entered a guilty plea to count one of the indictment, charging defendant with possession with intent to distribute over 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The plea agreement provided in part that the base offense level should be reduced by 3 levels due to defendant's acceptance of responsibility. The plea agreement cautioned that the plea provisions were not binding on the probation department or the court.
 
 
 6
 On February 26, 1996, while on bond pending sentencing, defendant tested positive for cocaine use. Defendant tested positive again on March 12, 1996. As a result, his bond was revoked on March 19, 1996.
 
 
 7
 Defendant was sentenced at an adjusted offense level of 24, after receiving a two-level reduction under the "safety valve" provisions of U.S.S.G. §§ 2D1.1(b)(4) and 5C1.2. The district court refused to grant a reduction for acceptance of responsibility because of the two positive drug tests. Defendant was placed in Criminal History Category I. This resulted in a guideline range of 51-63 months.[1] The district court sentenced defendant to 51 months imprisonment, to be followed by four years supervised release.
 
 
 8
 On appeal defendant argues that he was entitled to the acceptance of responsibility reduction because the uncontroverted evidence shows that he truthfully admitted his conduct; voluntarily terminated his conduct, i.e., drug trafficking; voluntarily surrendered; voluntarily assisted authorities; and did so early in the case. See 3E1.1, comment. (n. 1). On these uncontroverted facts, our review is de novo. United States v. Childers, 86 F.3d 562, 563 (6th Cir.1996); United States v. Wolfe, 71 F.3d 611, 616 (6th Cir.1995).
 
 
 9
 Defendant argues exclusively that the positive drug tests following entry of his guilty plea should not have been considered by the district court because he otherwise fully accepted responsibility for his offense. However,
 
 
 10
 [i]t is well-established that the "voluntary termination or withdrawal" factor means that criminal conduct that continues following an acceptance of responsibility, especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate.
 
 
 11
 Childers, 86 F.3d at 563-64 (citation omitted).
 
 
 12
 Like the defendant in United States v. Zimmer, 14 F.3d 286 (6th Cir.1994), who tested positive for marijuana use on three separate occasions prior to sentencing on a count of manufacturing marijuana, Greene "committed a crime 'related' to his underlying guilty plea...." Id. at 289. Denial of the adjustment was not erroneous. See also United States v. Davis, 878 F.2d 1299, 1300-01 (11th Cir.1989) (holding that acceptance of responsibility reduction was properly denied where defendant, charged with conspiracy to possess with intent to distribute cocaine, continued to use drugs while out on bond; cited with approval in United States v. Morrison, 983 F.2d 730 (6th Cir.1993)).
 
 
 13
 Defendant relies on Morrison, and United States v. Moored, 997 F.2d 139 (6th Cir.1993). They are distinguishable. In both cases, we held that the district court had erred in refusing to award a reduction because the conduct at issue was unrelated to the offense of conviction. See Moored, 997 F.2d at 145 (fraudulent conduct relating to college unrelated to offense of conviction--applying for fraudulent loans from financial institution); Morrison, 983 F.2d at 733-35 (positive drug test during bond pending sentencing unrelated to conviction for firearms violation). AFFIRMED.
 
 
 
 [1]
 Had defendant received the acceptance of responsibility reduction, his total adjusted offense level would have been 21. Combined with a CHC of I, the guideline range is 37-46 months