**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher WATTS, Defendant–Appellant.**

**No. 99–6126.**

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2001.

Before MERRITT and COLE, Circuit Judges; HOOD, District Judge.*

*ORDER*

Christopher Watts pleaded guilty to aiding and abetting and to possessing heroin for intended distribution, violations of 18 U.S.C. § 2 and 21 U.S.C. § 841(a). On July 30, 1999, he was sentenced to seventy-two months of imprisonment and three years of supervised release. It is from this judgment that Watts now appeals. The parties have waived oral argument, and the panel unanimously agrees that

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Watts describes the factual background of his case as follows:

> On January 19, 1998 a state search warrant was executed on the residence of Watts.... The search yielded white powder ... and $6,408 in United States currency. The searchers also discovered a number of weapons.... Watts admitted to selling heroin in Memphis for approximately one year. He further acknowledged that the heroin recovered at his residence belonged to him, not his wife, and that the firearms were received by him in exchange for supplying heroin to unknown individuals. Finally Watts told investigators that the United States currency seized from his residence was the proceeds from the sale of heroin.

> In March of 1998 federal investigators learned that Watts' co-defendant, Kioni Hawkins, would be arriving in Memphis ... with heroin.... In the course of her interview she explained that she had made several trips from Chicago to Memphis with heroin at the request of Watts.

Watts later admitted that he had purchased heroin, packaged it for Hawkins to carry, and left her at the bus terminal before driving back to Tennessee.

Watts now argues that the sentencing guidelines were misapplied in his case. The relevant facts are undisputed, and we review the legal questions involved in his claims *de novo* on appeal. *See United States v. Childers*, 86 F.3d 562, 563 (6th Cir.1996).

■ Watts first argues that the court erred by enhancing his offense level under § 2D1.1(b)(1), because the firearms that were found in his home had reached their final destination and were not part of a continuing drug transaction. This argument lacks merit because the sentencing guidelines create a presumption that the enhancement applies "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3) (1998). Watts's admission that he received the firearms in exchange for heroin is sufficient to trigger this presumption. *See United States v. Gibson*, 135 F.3d 1124, 1128 (6th Cir.1998). Moreover, Watts has not shown that it was clearly improbable that the firearms were connected to the offense. Thus, the district court properly increased his total offense level under § 2D1.1(b)(1). *See id.*

■ Watts also argues that he was entitled to a reduction in his total offense level for acceptance of responsibility, despite his continued criminal activity after his home was searched, as formal charges had not arisen from the search when he was indicted on his current offense. This argument is unpersuasive because Watts admitted during the search that he had dealt in heroin for over one year, that he had destroyed heroin when the officers attempted to enter, and that the firearms and currency they found were the proceeds of heroin transactions. Yet Watts continued to sell heroin for approximately three months after making these admissions. Under these circumstances, the district court properly refused to reduce Watts's offense level for acceptance of responsibility, because he was obviously the subject of a federal investigation when his home was searched, because he admitted responsibility for his criminal activities at that time, and because he did not voluntarily terminate or withdraw from those activities thereafter. *See* USSG § 3E1.1, comment. (n.1(b) & n.3) (1998); *Childers*, 86 F.3d at 564.

Accordingly, the district court's judgment is affirmed.