**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Natalie DOTSON, Defendant–Appellant.**

No. 00–5760.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 2001.

Before KEITH, SUHRHEINRICH and CLAY, Circuit Judges.

## I.

PER CURIAM.

Defendant Natalie Dotson appeals her conviction and judgment following the entry of a guilty plea to one count of conspiracy to commit mail theft, in violation of 18 U.S.C. § 371. Dotson claims that the district court erred in denying her a downward adjustment for acceptance of responsibility, and erred in holding that she was not entitled to a downward departure. Dotson also alleges that the United States breached the plea agreement.

## II.

### A.

■ The district court's conclusion that the defendant is not entitled to an adjustment for acceptance of responsibility is generally a question of fact, reviewed for clear error. *United States v. Childers,* 86 F.3d 562, 563 (6th Cir.1996). Sentencing Guideline § 3E1.1(a) provides that a defendant's offense level should be decreased by two levels if he "clearly demonstrates acceptance of responsibility for his offense." Merely pleading guilty does not entitle a defendant to an adjustment as a matter of right. U.S.S.G. § 3E1.1, comment. (n.3); *Childers,* 86 F.3d at 563.

Dotson maintains that she is entitled to the reduction because she truthfully admitted her involvement by pleading guilty and by assisting the authorities in implicating her codefendants. Dotson claims that once confronted by the Postal Inspector with the details of the crime, she accepted full responsibility and implicated her codefendants. She also pleaded guilty to related underlying conduct in St. Louis, Missouri, and in Memphis, Shelby County, Tennessee. She also told the probation officer that she was very sorry for what she had done and had learned her lesson.

The district court did not err in refusing to grant Dotson a two level reduction for acceptance of responsibility. As the district court observed, "[t]his is a case of being interviewed regarding criminal involvement in October of '96, admitting her involvement in the criminal offenses and then committing other similar criminal acts." (J.A. 79.) Dotson learned in October 1996, that the federal authorities were interested in her activities. (J.A. 142.) After this interview, Dotson received two additional criminal convictions for forgery and had one case pending. (J.A. 150, 152.) On July 7, 1997, Dotson was convicted of fraudulent theft of services over $500. (J.A. 150.) An active warrant was lodged against Dotson for forgery. (J.A. 152.)

Moreover, the Postal Inspection Service also informed the probation officer that Dotson had obtained two pieces of fraudulent identification. (J.A. 145.) The district court had more than ample evidence to support its conclusion that Dotson's conduct subsequent to her guilty plea is inconsistent with acceptance of responsibility. *See Childers,* 86 F.3d at 564 (in determining whether the defendant accepted responsibility, it was proper for the district court to consider the defendant's criminal offenses committed after his confession and before his arrest in evaluating the defendant's sincerity).[1]  *Cf. United States v. Tilford,* 224 F.3d 865, 867–68 (6th Cir.2000) (holding that the defendant was entitled to an acceptance of responsibility reduction even though he continued to engage in criminal activity after he was interviewed by IRS agents, because he did not accept responsibility at that time, but later pleaded guilty, accepted responsibility, and assisted authorities, and did not engage in any subsequent criminal activities after his plea).

### B.

Next, Dotson alleges that the district court erred in holding that she is not entitled to a downward departure pursuant to *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) Prior to changing her plea to guilty, Dotson moved to dismiss the indictment for an alleged violation of the *petite* policy of the United States Department of Justice. (J.A. 48.) Dotson alleges that the indictment was based upon the same conduct for which she received convictions in state courts in Missouri and Tennessee.

■ First, the issue is not cognizable on appeal because it is clear from the record that the district court understood its authority to depart downward but declined to do so. *See United States v. Hall,* 71 F.3d 569, 573 (6th Cir.1995). Furthermore, Dotson would lack standing to assert the applicability of the policy in seeking dismissal of an indictment, because "the *Petite* policy is not constitutionally mandated and confers no rights upon the accused." *United States v. Renfro,* 620 F.2d 569, 574 (6th Cir.1980) (internal quotation marks and citation omitted). It is well established that state and federal prosecutions for the same offense do not violate double jeopardy. *United States v. Wheeler,* 435 U.S. 313, 329–30, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978).

■ In any event, the district court's decision declining to depart was not an abuse of discretion. As the Government pointed out at sentencing, the state prosecutions did not take this case out of the "heartland" because the conduct was not the same. The state convictions were for the actual use of the cards on specific occasions and the federal count was for stealing them from the mails. (J.A. 84–85.) The district court did not err in finding that there were no factors which took this case outside the heartland.

### C.

■ Lastly, Dotson claims that the Government breached the plea agreement be-

---

1. *United States v. Fleener,* 900 F.2d 914 (6th Cir.1990), is distinguishable. There, we upheld the district court's finding of acceptance of responsibility even though the defendant raised an entrapment defense at trial. We reasoned that "[s]uch a defense is no less inconsistent with the Guidelines provision [acceptance of responsibility] than is a plea of not guilty, which does not raise an absolute bar to a court's consideration." *Id.* at 918. There the district court found acceptance of responsibility because the defendant turned over the contraband to the agents when they executed the search warrant. *Id.* More to the point, there was no evidence that the defendant continued to engage in his illegal behavior once accosted by federal officials.

cause at the sentencing hearing, the Government suggested that the court could sentence Dotson within the guideline range. (J.A. at 98.) Dotson claims that this statement violated the provision in the plea agreement stating that "[t]he United States will not oppose a request by the defendant for a sentence at the low end of the guideline range." (J.A. 53.)

When placed in context, the Government's recommendation did not violate the plea agreement. The Government did not make this suggestion until the district court *sua sponte* raised the issue of imposing an *enhancement* for obstruction of justice. (J.A. 95–97.) The Government suggested that, rather than giving an enhancement, the court take Dotson's obstructive conduct "into account within the guidelines." (J.A. 98.) All the Government did in fact was attempt to persuade the district court that an enhancement for obstruction of justice was not appropriate. *Cf. United States v. Saxena*, 229 F.3d 1, 2–8 (1st Cir.2000) (the government's obligation to furnish relevant information to sentencing court does not vanish just because the government has a corollary obligation to honor commitments made under the plea agreement). Furthermore, Dotson did not request to be sentenced at the low end of the guideline range, even when asked by the court to address the issue of the appropriate sentence. (J.A. 111, 114.) There was no error, let alone plain error. *See Saxena*, 229 F.3d at 5. In any event, even if the Government did breach the agreement, there is no miscarriage of justice.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

