**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry BARBOUR, Defendant–Appellant.**

No. 01–6490.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

## ORDER

Terry Barbour, represented by counsel, appeals from his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a jury convicted Barbour of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Barbour to forty-one months of imprisonment. Barbour has filed a timely appeal.

On appeal, Barbour's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). She submits the following issues for review: 1) whether there was sufficient evidence to support Barbour's conviction; 2) whether the district court erred when it denied Barbour a reduction for acceptance of responsibility; and 3) whether the district court erred when it enhanced Barbour's sentence under USSG § 2D1.1(b)(1).

▮ Upon review, we conclude that the government presented sufficient evidence to support Barbour's conviction. Sufficient evidence exists to support a conviction if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could accept the evidence as establishing each essential element of the crime. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to obtain a conviction for possession with intent to distribute a controlled substance under § 841(a)(1), the government must prove that a defendant knowingly possessed with the intent to distribute a controlled substance. *See United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995).

Here, the government called several witnesses who testified that, during the execution of several search warrants, agents discovered marijuana and large sums of cash at Barbour's residence. In addition, Barbour acknowledged that he openly sold marijuana at his residence. Based on this testimony, the government presented sufficient evidence establishing that Barbour willfully possessed marijuana with the intent to distribute.

▮ The district court also did not err in denying Barbour a reduction for acceptance of responsibility because Barbour did not meet his burden of establishing that he was entitled to such a reduction. *See United States v. Benjamin,* 138 F.3d 1069, 1075 (6th Cir.1998). A district court's conclusion that a defendant is not entitled to an adjustment for acceptance of responsibility is generally considered a question of fact that should not be disturbed unless it is clearly erroneous. *See United States v. Childers,* 86 F.3d 562, 563 (6th Cir.1996). But where the only issue presented is the propriety of the application of the adjustment to uncontested facts, a question of law is presented and this court reviews de novo the trial court's

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

acceptance of responsibility determination. *See id.*

Here, although Barbour was convicted by a jury, he readily admitted that he had been selling marijuana, and he truthfully admitted the conduct comprising the offense. However, this evidence of acceptance of responsibility was outweighed by conduct that was inconsistent with such acceptance of responsibility. *See* USSG § 3E1.1 comment. (n.3). In this case, Barbour acknowledged his factual guilt, i.e., that he sold marijuana. However, he steadfastly maintained that he did not engage in any "wrongful conduct" because God had given marijuana to his people to use and that Man was improperly trying to take that away. He also stated that it was not against God's law to sell marijuana. Finally, Barbour had indicated that if he were acquitted of the charges he would return to selling marijuana. These statements constitute an attempt to minimize his culpability and to portray himself as someone whose conduct was ultimately proper.

In addition, we conclude that the district court did not err in enhancing Barbour's sentence under USSG § 2D1.1. *See United States v. Elder*, 90 F.3d 1110, 1133 (6th Cir.1996). The base offense level of one convicted of a drug offense may be increased by two levels if a dangerous weapon was possessed. *See* USSG § 2D1.1(b)(1). The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. *See* USSG § 2D1.1, comment. (n.3). The government must establish that: 1) the defendant actually or constructively "possessed" the weapon; and 2) such possession was during the commission of the offense for a § 2D1.1 enhancement. *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir.1996). After the government shows that the defendant possessed the weapon, the burden then shifts to the defendant to show it is clearly improbable that the weapon was connected to the offense. *See id.*

Here, the record reflects that the police found several loaded weapons in both the tent (where Barbour sold drugs) and in his trailer. Indeed, one weapon was found in the bedroom of the trailer on top of a secret compartment containing drugs. It was thus incumbent upon Barbour to offer some evidence showing that it was clearly improbable that the weapons were connected to the offense. However, the court rejected Barbour's claim that he used the guns to hunt chickens because of the caliber of the weapons and because he acknowledged that he kept them loaded.

We note that the district court properly calculated Barbour's sentence. Barbour's total offense level was 22 and he had a criminal history category of I. This resulted in a guideline imprisonment range of 41–51 months. Barbour's sentence of 41 months of imprisonment was within the applicable guideline range.

Finally, we have reviewed the record, including the trial transcript and the transcript of the sentencing hearing and discovered no error warranting reversal of Barbour's convictions and sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.