**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Phyllis T. SWOVELAND, Defendant–
Appellant.**

No. 01–6295.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2002.

———

Before BOGGS, SUHRHEINRICH, and
CLAY, Circuit Judges.

*ORDER*

Phyllis T. Swoveland pleaded guilty to producing false identification, a violation of 18 U.S.C. § 1028(a)(1). On August 24, 2001, she was sentenced to fifty-one months of imprisonment and three years of supervised release. It is from this judgment that Swoveland now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Swoveland now describes the basic factual background of her case as follows: "Ms. Swoveland was arrested at a Chattanooga department store for attempting to buy merchandise with a counterfeit check, using a fake driver's license. After she was taken into custody, and driven by police officers to the police station, Ms. Swoveland used her cell phone to contact another individual and instruct that individual to remove evidence from her home. A police officer apparently overheard the conversation, and contacted another agent who was able to secure Ms. Swoveland's residence .... Numerous items of evidence associated with this case were found in Defendant Swoveland's possession or home.... At sentencing the district court found that Ms. Swoveland's actions constituted obstruction, and applied the two-level enhancement for obstruction of justice. Based on the finding of obstruction, the district court also denied application of the two-level adjustment for acceptance of responsibility ...."

Swoveland now argues that her offense level should not have been increased for obstruction of justice under USSG § 3C1.1 and that she was entitled to an offense level reduction for acceptance of responsibility under USSG § 3E1.1. The facts relevant to these two claims are undisputed. Thus, the district court's application of the sentencing guidelines involves a legal ques-

tion that is reviewed *de novo* on appeal. *See United States v. Childers,* 86 F.3d 562, 563 (6th Cir.1996).

The district court enhanced Swoveland's total offense level for obstruction of justice under § 3C1.1, because she telephoned someone and asked that person to remove or destroy evidence that was in her home. Swoveland now argues that the telephone call was contemporaneous with her arrest and that her conduct did not affect the investigation, prosecution or sentencing of her current offense. However, Swoveland does not dispute the district court's finding that she had at least thirty minutes to contemplate her actions before the call was made. Hence, the court properly based its ruling on a finding that the phone call was not contemporaneous to Swoveland's arrest. *See United States v. Waldon,* 206 F.3d 597, 608–09 (6th Cir.2000). It follows that the court correctly applied the enhancement, as Swoveland clearly attempted to obstruct justice by making the call. *See* USSG § 3C1.1, comment. (n.4(d)) (2000); *Waldon,* 206 F.3d at 608–09.

Swoveland also argues that her total offense level should have been reduced for acceptance of responsibility because she pleaded guilty prior to trial and truthfully admitted the conduct that was relevant to her offense. *See generally* USSG § 3E1.1, comment. (n.3) (2000). The district court properly found that these factors were outweighed by Swoveland's obstructive conduct. *See id.*

Swoveland now argues that the court relied exclusively on her telephone call to support its finding. However, that type of obstructive conduct provides sufficient grounds for denying a reduction for acceptance of responsibility. *See* USSG § 3E1.1, comment. (nn. 3 & 4) (2000); *United States v. Harper,* 246 F.3d 520, 528 (6th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001).

Moreover, the court also adopted the presentence report, which indicated that Swoveland was not entitled to the reduction because she had continued her fraudulent activities after her initial arrest and release on bond. *See* USSG § 3E1.1, comment. (nn.1(b) & 3) (2000); *Childers,* 86 F.3d at 564.

Accordingly, the district court's judgment is affirmed.