**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David James KENNEY, Defendant–
Appellant.**

**No. 02–1159.**

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2002.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

*ORDER*

David James Kenney, proceeding through counsel, appeals the sentence imposed upon his conviction for possessing with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Both parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a controlled buy and the seizure of 2.2 kilograms of methamphetamine

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

from Kenney's biker shop, Kenney was arrested and was released on bond. Kenney negotiated a tentative plea bargain with the government in which he agreed to testify against his accomplices, but he subsequently repudiated the proposed agreement and absconded. When state authorities arrested Kenney several months later, he was found to be in possession of additional methamphetamine, a loaded firearm, and false identification. Kenney then pleaded guilty, pursuant to a written plea agreement, to the federal charge described above.

In the presentence investigation report (PSR), the probation officer calculated Kenney's total offense level as 40, the sum of a base offense level of 36, a two level enhancement for possession of a firearm during a drug-trafficking offense, and a two level enhancement for obstruction of justice by failing to appear at a pretrial conference. Kenney was classified as a career offender, which raised his criminal history category to VI. Upon review of the PSR, defense counsel filed objections, asserting that Kenney's offense level should be reduced due to his minor role in the offense and his acceptance of responsibility. The district court denied these objections and sentenced Kenney at the bottom of the guidelines range to 360 months in prison.

Kenney has filed a timely appeal, reasserting his objections to the PSR.

Traditionally, this court has reviewed a district court's denial of a mitigating role adjustment for clear error. *United States v. Roberts*, 223 F.3d 377, 379–80 (6th Cir. 2000). But this court also has stated that the standard of review should be the same as that for an aggravating role adjustment, such that the district court's factual findings concerning a mitigating role adjustment are reviewed for clear error, while its legal conclusions are reviewed de novo. *Id.*

■ Regardless of which standard is applied in the instant case, we conclude that the district court properly denied the mitigating role adjustment. The Guidelines provide that a defendant's offense level may be decreased by 4 levels if the defendant was a "minimal" participant in the offense, 2 levels if the defendant was a "minor" participant, and 3 levels for in-between cases. *See* USSG § 3B1.2 (Nov. 2001). A defendant who lacks "knowledge or understanding of the scope and structure of the enterprise" is eligible for a reduction in offense level as a "minimal" participant. *See* USSG § 3B1.2, comment. (n.4) (formerly n. 1). A "minor" participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." *See* USSG § 3B1.2, comment. (n.5) (formerly n. 3). More than one participant must be involved in the offense, and no reduction is warranted unless the defendant is substantially less culpable than the average participant. *See* USSG § 3B1.2, comment. (nn.2 and 3(A)). A defendant does not become a minor participant simply because others planned the scheme and made the arrangements for its accomplishment. *United ed States v. Miller*, 56 F.3d 719, 720 (6th Cir.1995) (role of taking trucks apart was vital to success of chop shop). The defendant bears the burden of proving his mitigating role by a preponderance of the evidence and must show that he played a relatively minor role in conduct for which he was held accountable. *Roberts*, 223 F.3d at 379–80.

Kenney did not meet his burden of proving by a preponderance of the evidence that he was substantially less culpable than the average participant. His role in the offense, which in part consisted of removing gas tanks and side panels in vehicles to retrieve hidden drugs, was indispensable to the success of the drug trafficking operation. Moreover, despite

his protests to the contrary on appeal, Kenney admitted at sentencing that his role was not limited to removing drugs from vehicles. After the drugs had been removed, the supplier not only gave Kenney credit towards a drug debt, but also gave Kenney a portion of the methamphetamine. Kenney would then either sell it, give it away, or use it. He admitted distributing methamphetamine from 1995 to 1999 in quantities possibly as large as 16 pounds to his friend, David Tice, and in fact introduced Tice to his supplier. Thus, Kenney was not entitled to a reduction for a minor role in the offense.

■ The district court properly determined that Kenney was not entitled to a reduction for acceptance of responsibility. The Sentencing Guidelines provide for a reduction in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). To aid the district court in its determination, the commentary lists various factors to consider, including the defendant's "voluntary termination or withdrawal from criminal conduct or associations" and "conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1, comment. (nn.1(b) and 3). It is well-established that engaging in criminal conduct of the same type as the underlying offense, after accepting responsibility, means that he has not withdrawn from criminal conduct and will, "in almost every instance, make a downward adjustment inappropriate." *United States v. Childers*, 86 F.3d 562, 563–64 (6th Cir. 1996), *citing United States v. Morrison*, 983 F.2d 730, 734 (6th Cir.1993). Furthermore, a defendant who has received a USSG § 3C1.1 enhancement for obstruction of justice should not receive a reduction for acceptance of responsibility, absent extraordinary circumstances. *See* USSG § 3E1.1 comment. (n.4).

Kenney is not entitled to a reduction because he did not withdraw from criminal conduct after accepting responsibility and because he received an enhancement for obstruction of justice. After surrendering to police and admitting his conduct, Kenney absconded and engaged in further drug activity, which was criminal conduct of the same type as the underlying offense. No extraordinary circumstances exist which override these actions and justify a reduction for acceptance of responsibility.

Accordingly, the district court's judgment is affirmed.