NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0161n.06
Filed: March 1, 2006

No. 04-4338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID KHOURI, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**Before: MERRITT, MARTIN, AND GILMAN, Circuit judges.**

**RONALD LEE GILMAN, CIRCUIT JUDGE**. David Khouri pled guilty pursuant to a

plea agreement with the government after being charged with a bank robbery in the Northern District

of Ohio. Before sentencing, he was arrested in the Southern District of Ohio for attempting a second

bank robbery, a crime for which he was tried and convicted. While awaiting trial for the attempted

bank robbery, Khouri moved to withdraw his guilty plea in the earlier, completed bank robbery. The

district court denied his motion. After being sentenced in the Southern District for the attempted

bank robbery, he returned to the Northern District for sentencing in connection with the earlier

offense. Despite Khouri's guilty plea, the district court refused to grant him a downward departure

for acceptance of responsibility. He was then sentenced to 108 months of imprisonment, with 41

months of that sentence to run consecutively with his 80-month sentence in the Southern District.

Khouri appeals the district court's denial of his motion to withdraw his guilty plea, its refusal to grant a reduction for acceptance of responsibility, its imposition of a partially consecutive sentence, and its refusal to depart downward in order to make Khouri's sentence consistent with that of his codefendant. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In March of 2003, Khouri asked his friend, Jay Phares, to assist him in his plan to rob the Fifth Third Bank in Parma Heights, Ohio. Khouri convinced Phares to assist him by falsely informing Phares that a person was threatening Khouri's life and was demanding payment of $100,000. According to Khouri's plan, Khouri was to enter the bank and pretend that he had been taken hostage and was being forced by another individual to rob it. Phares, the "hostage taker," was to wait outside to create the impression that he would harm Khouri if the bank did not meet Khouri's demands. Khouri prepared a computer-generated note demanding that the bank manager hand over $125,000 and warning that Khouri, as a hostage, would be killed if the bank manager failed to follow the instructions. In addition to these instructions, the note warned that the bank manager would "suffer consequences" if he included dye packs in the money or attempted to alert the police in any way.

On March 11, 2003 Khouri and Phares traveled to the Fifth Third Bank. Phares waited outside, according to the plan, and Khouri went inside and presented the note to the bank manager. Khouri also warned the manager that Phares, the hostage taker, had strapped a bomb to Khouri's leg.

What Khouri claimed was a bomb, however, was actually a battery pack resembling a bomb. The bank manager quickly obtained and delivered approximately $127,000 to Khouri.

In April of 2003, Khouri and Phares were charged with armed bank robbery. One week later, Khouri entered a plea of not guilty, and the district court released him to home confinement with electronic monitoring. Khouri subsequently entered into a plea agreement with the government, and he pled guilty to armed bank robbery before the district court on April 28, 2003.

In the agreement, Khouri and the government acknowledged that the series of recommendations concerning Khouri's sentencing level under the United States Sentencing Guidelines were not binding on the district court. The parties went on to jointly recommend that Khouri receive a three-level reduction for his acceptance of responsibility in the bank robbery pursuant to Sentencing Guidelines § 3E1.1, resulting in an offense level of 26, and the government agreed to recommend an additional one-level reduction for substantial assistance. Although the plea agreement preserved Khouri's right to seek a downward departure from the district court, he waived his "right to appeal a failure or refusal on the part of the Sentencing Court to depart downward." Khouri also acknowledged in the "Attestation" section of the plea agreement that he was satisfied with his attorney's representation and that he was in fact guilty of the charged bank robbery. During the entry of the plea before the court, Khouri testified that he understood the implications of the plea agreement and that the facts contained therein were "true and accurate." The district court accepted Khouri's guilty plea and set a sentencing date of July 10, 2003.

Two days before the scheduled sentencing, however, Khouri was arrested in the Southern District of Ohio while attempting to rob a bank. Khouri remained in the Southern District following

his arrest. In May of 2004, a jury convicted him of attempted bank robbery. During the trial, Khouri discharged his previous counsel for the first bank robbery and filed a pro se motion to withdraw his guilty plea in the Northern District on February 5, 2004, approximately nine months after it was entered. The district court denied his request.

Following sentencing in the Southern District, Khouri returned to the Northern District for sentencing in the first bank-robbery case. Although the Presentence Report (PSR) substantially agreed with the parties' recommendations as set out in the plea agreement, it recommended that Khouri be denied a reduction for acceptance of responsibility due to his subsequent conviction in the Southern District for attempted bank robbery. The PSR recommended a total offense level of 29, as opposed to the level of 26 recommended by the parties in their plea agreement.

At sentencing, Khouri's new counsel objected to the PSR's recommendation that Khouri be denied a reduction for acceptance of responsibility. The district court overruled the objection, reasoning that Khouri's commission of attempted bank robbery while awaiting sentencing for the first bank robbery reflected an unwillingness to accept responsibility for his offense. After granting the government's motion to depart downward on the basis of "substantial assistance," the district court reduced Khouri's sentencing level to 28 and determined that his criminal history category was II.

The district court then decided that, based on his two offenses, Khouri should serve a total of 121 months in prison. Upon ascertaining that Khouri had already been sentenced to serve 80 months in prison for his conviction in the Southern District, the district court sentenced Khouri to 108 additional months of imprisonment, with 41 of those months to run consecutively to his

Southern District sentence.  Khouri failed to object to either the length of his sentence or to the decision that the sentence be partially consecutive.  Phares, Khouri's codefendant, was sentenced to 51 months of imprisonment.

The district court, pursuant to this court's decision in *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc), *vacated*, 125 S. Ct. 1944 (2005), noted that its sentence would be the same even if the Guidelines were invalidated.  Khouri now appeals the district court's denial of his motion to withdraw his guilty plea, its refusal to grant a reduction for acceptance of responsibility, its imposition of a partially consecutive sentence, and its refusal to depart downward so as to make his sentence consistent with Phares.

## II.  ANALYSIS

**A.     The district court's denial of Khouri's motion to withdraw his guilty plea**

We review a district court's denial of a motion to withdraw a guilty plea under the "abuse of discretion" standard.  *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999).  Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw his guilty plea before sentencing if the defendant can show a "fair and just reason for requesting the withdrawal." To determine whether the defendant has offered a fair and just reason, this court considers seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had

> prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *abrogated on other grounds by statute as stated in United States v. Caselorente*, 220 F.2d 727 (6th Cir. 2000). The factors listed above constitute a nonexclusive list, with no particular factor controlling, and we need not engage in an analysis concerning all seven factors. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (relying on the *Bashara* factors to hold that Bazzi failed to articulate a fair and just reason for withdrawing his guilty plea).

More than nine months elapsed between the entry of Khouri's guilty plea and his subsequent motion to withdraw it. This court has refused to permit defendants to withdraw their guilty pleas where the delay between entry of the plea and the motion to withdraw was substantially shorter. *See Durham*, 178 F.3d at 798-99 (holding that where Durham waited 77 days to file his motion to withdraw, "[t]he strongest factor supporting the district court's denial of Durham's motion [was] the length of time between Durham's plea and the filing of his motion"); *United States v. Spencer*, 836 F.2d 236, 239-40 (6th Cir. 1987) (refusing to allow a defendant to withdraw his guilty plea when he waited five weeks after entry to file his motion to withdraw); *Bashara*, 27 F.3d at 1181 (holding that six weeks constituted an inordinate delay). The district court therefore did not abuse its discretion in holding that the nine-month delay weighed heavily against Khouri's request to withdraw his plea.

Khouri's reasons for the delay in seeking to withdraw his guilty plea were also considered by the district court. When a defendant fails to promptly seek withdrawal of his guilty plea, this

court will closely scrutinize the defendant's reasons for failing to do so. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (holding that Alexander's delay of five months was unreasonable, especially considering his "complete failure to offer any reasons for neglecting to raise the grounds for vacating the plea at some earlier point in the proceedings"). Although Khouri acknowledged in his plea agreement that he recognized the implications of his guilty plea and that he understood his constitutional rights, he now claims that his lack of familiarity with the criminal justice system left him confused about his rights. This confusion, he claims, led him to hastily enter his plea. The district court, however, questioned the integrity of this claim. Not only did Khouri acknowledge that he understood his rights in the plea agreement, but he did not seek to withdraw his plea until after he was charged with attempted bank robbery in the Southern District. This suggests that his decision to withdraw was a tactical one meant to avoid consecutive sentences for the two bank-robbery offenses rather than for a legitimate reason under *Bashara*.

Nor is this a case where a defendant's consistent assertions of innocence despite a guilty plea weigh in favor of allowing a withdrawal. *See Spencer*, 836 F.2d at 239 (refusing to allow Spencer to withdraw his guilty plea in part because he had confessed to the crime under oath). Here, Khouri acknowledged his guilt in the plea agreement and agreed to the facts stipulated therein, he testified at the plea hearing that the plea agreement was "true and accurate," and he provided the Probation Office with the following statement:

> There has come a time in my life where I felt I was really overwhelmed in my financial situation. . . . I decided to take matters into my own hands. The only option that kept invading my mind, was simply to commit the criminal act of which I am being charged, Armed Bank Robbery. . . . We had plotted the idea of the robbery and carried it out. . . . Again, I . . . am very apologetic.

Khouri's consistent indications of his guilt weigh heavily against the withdrawal of his guilty plea.

The circumstances of the guilty plea also weigh against withdrawal. Khouri claims that his attorney led him to believe that if he pled guilty, he could "bond out" of prison after serving one year and one day. Partially as a result of this alleged misrepresentation, Khouri contends that his relationship with his attorney suffered a "very serious breakdown in communication, trust, and loyalty."

Khouri argues in his brief that "counsel's representation was a material inducement leading to [a] change of plea." The district court analyzed this claim at length. Although Khouri did not raise a separate ineffective-assistance-of-counsel claim, the district court discussed *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny, which require the defendant to prove that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant. The district court used the *Strickland* standard as a guide and determined that Khouri's counsel provided adequate representation. In reaching this conclusion, the district court emphasized that Khouri was "warned as to the actual length of his potential incarceration," acknowledged that he understood the statutory penalty, and repeatedly assured the district court that he was satisfied with his counsel's representation.

This court has held, moreover, that "the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990) (holding that the district court did not abuse its discretion where the defendant "was adequately informed of the consequences

of his plea, even if the specific Guideline range was not known by him"). Because Khouri acknowledged that he understood the implications of the plea agreement, the district court did not abuse its discretion in finding that Khouri's ineffective-assistance-of-counsel claim was without merit.

Khouri also argued below that his guilty plea should be withdrawn because it was the product of coercion and governmental misconduct. This court has held that "a defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (holding that the defendant was not entitled to withdraw his guilty plea when his in-court statements and plea agreement demonstrated that his plea was entered voluntarily) (citation and quotation marks omitted). Khouri, like the defendant in *Todaro*, repeatedly confirmed that his guilty plea was voluntary, that no promises or threats had been made to induce his plea, and that the facts contained therein were "true and accurate." The district court therefore correctly concluded that "[t]he record reflects that the plea was made voluntarily, knowingly, and intelligently, and that the defendant would be bound to the responses he gave under oath regarding the knowledge and voluntariness of his plea."

Khouri's lack of prior experience with the criminal justice system was the only factor that the district court found to weigh in favor of allowing the plea to be withdrawn. The court correctly noted that Khouri had never before been arrested or convicted of a criminal offense, but also emphasized that Khouri's inexperience with the criminal justice system did not outweigh the combined effect of the other countervailing factors. Although Khouri is not the type of veteran or

shrewd criminal that this court has found ineligible to withdraw a guilty plea, *see Spencer*, 836 F.2d

at 240, our evaluation of the other factors outlined in *Bashara* makes clear that the district court did

not abuse its discretion in refusing to allow Khouri to withdraw his guilty plea.

**B.      The district court's refusal to grant a reduction for acceptance of responsibility**

Khouri next argues that the district court incorrectly failed to reduce his offense level by two

levels for acceptance of responsibility, pursuant to Sentencing Guidelines § 3E1.1.  That section

provides as follows:

> § 3E1.1.  Acceptance of Responsibility
>
> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> > (1) timely providing complete information to the government concerning his own involvement in the offense; or
> >
> > (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
>
> decrease the offense level by 1 additional level.

*Id*.

We afford great deference to the district court's determination of whether a defendant has

accepted responsibility for his offense, and will not overturn the result reached unless it is clearly

erroneous.  *See United States v. Price*, 258 F.3d 539, 547 (6th Cir. 2001) (holding that the district

court properly refused to grant a reduction where the defendant failed to take responsibility for all counts). Khouri therefore has the burden of proving that a reduction for acceptance of responsibility is warranted. *See United States v. Banks*, 252 F.3d 801, 806-07 (6th Cir. 2001) (holding that the district court clearly erred when it denied Banks a reduction for acceptance of responsibility). Application Note 3 to § 3E1.1 of the Guidelines makes clear that although the entry of a guilty plea is significant evidence of acceptance of responsibility, it may be outweighed by conduct that is inconsistent with such acceptance. *Id.*

The district court in the present case adopted the recommendation of the PSR that Khouri be denied a reduction because of his post-plea offense and conviction in the Southern District, reasoning that Khouri "engaged in much conduct which is reflective of a failure on his part to truly accept responsibility." Khouri claims in his brief, however, that his "deep regret for his criminal behavior," his entry of a guilty plea, and his lack of a prior criminal record entitles him to the reduction. The question, then, is whether the district court's denial on the basis of the attempted bank robbery in the Southern District was proper.

Application Note 1(a) to § 3E1.1 provides that "voluntary termination or withdrawal from criminal conduct or associations" is an appropriate consideration in determining whether a reduction for acceptance of responsibility is proper. U.S. Sentencing Guidelines Manual § 3E1.1 App. Note 1(a) (2002). This court considered the meaning of Application Note 1(a) in *United States v. Morrison*, 983 F.2d 730 (6th Cir. 1993), where the defendant, who had pled guilty to receipt and possession of a firearm by a felon, was arrested post-plea and pre-sentencing for attempting to steal a truck and for constructively possessing other firearms. *Id.* at 731, 733. The *Morrison* court held

that the district court properly considered the firearms charge, but that consideration of the theft charge was improper because "voluntary termination or withdrawal from criminal conduct . . . refer[s] to that conduct which is related to the underlying offense." *Id*. at 735 (citation and quotation marks omitted). Because "true remorse for specific criminal behavior is the issue," "[c]onsidering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition." *Id*.

Khouri relies on *Morrison* and on a similar case, *United States v. Banks*, 252 F.3d 801, 807 (6th Cir. 2001) (holding that the district court improperly considered Banks's post-plea assault charges when it sentenced him for drug-trafficking offenses), to argue that he is entitled to the reduction. These cases, however, are easily distinguishable. Although Khouri was more cooperative with the government than the defendants in *Morrison* and *Banks*, the defendants in those cases were charged with crimes totally unrelated to the offenses to which they had earlier pled guilty. Khouri, on the other hand, was tried and convicted for attempted bank robbery in the Southern District under the same statute that he had pled guilty to violating in connection with his earlier bank robbery in the Northern District.

The district court's consideration of Khouri's Southern District offense related not to his general criminal disposition, as prohibited in *Morrison* and *Banks*, but rather to the specific criminal behavior to which Khouri had pled guilty. Where a defendant's conduct, such as Khouri's, "is of the same type as or related to the underlying offense, [this] is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate." *United States v. Childers*, 86 F.3d 562, 563-64 (6th Cir. 1996) (holding that the district court properly refused a reduction for

acceptance of responsibility where the defendant pled guilty to stealing checks and was later arrested for attempting to negotiate forged checks).

Khouri's argument that the district court's "error is more egregious in light of the fact that the government, at the time of Mr. Khouri's plea, conceded that Mr. Khouri was entitled to the three-level reduction" is similarly unpersuasive. The district court properly considered Khouri's post-plea conduct, conduct that the government was not aware of at the time of the plea. We therefore find no error in the district court's denial of any reduction for acceptance of responsibility .

**C.      The district court's imposition of a partially consecutive sentence**

Khouri also contends that the district court erred in imposing a partially consecutive sentence under Sentencing Guidelines § 5G1.3, which provides as follows:

> § 5G1.3  Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment
>
> (a)  If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b)  If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c)  (Policy Statement)  In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

*Id.*

Application Note 3 to § 5G1.3 provides that, to achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3553(a) and be cognizant of the type and length of the undischarged sentence, the time served, the fact that the prior sentence may have been imposed in state court, and any other relevant circumstances. *Id*. The following factors are listed in § 3553(a): (1) the nature and circumstances of the offense and the offender, (2) the need for the sentence to reflect the seriousness of the offense, the need for deterrence, and the need to protect the public, (3) the kinds of sentences available, (4) the kinds of sentence established for similar offenses and offenders, (5) any relevant policy statements by the Sentencing Commission, (6) the desire to avoid sentencing disparities among similar offenders, and (7) the need for restitution. 18 U.S.C. § 3553(a).

We review the imposition of a consecutive, partially consecutive, or concurrent sentence under the "abuse of discretion" standard. *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 2001). So long as the district court "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense," we will not find an abuse of discretion. *Id*. at 229-30. The district court, therefore, is not required to use the precise methodology referred to in Application Note 3 of § 5G1.3. *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997) (holding that "the Sentencing Commission intended the methodology simply to assist the court") (citation and quotation marks omitted).

In the present case, the district court adopted the recommendation of the PSR to impose a partially consecutive sentence after hearing from the government, Khouri's counsel, several of Khouri's family members, and Khouri himself. The district court specifically asked Khouri why he

committed the Southern District offense, and if he realized that the subsequent act could double his time. In concluding that Khouri's total length of imprisonment (for both the Northern and Southern District offenses) should be 121 months, the district court relied on calculations in the PSR and by the government indicating that Khouri would have been subject to that length of imprisonment if both offenses had been consolidated for sentencing.

Because Khouri had already been sentenced to 80 months of imprisonment for his Southern District offense, the district court sentenced him to 108 months of imprisonment for the Northern District offense, with just 41 of those months to run consecutively—the purpose of which was to total 121 consecutive months of imprisonment. The district court did not explicitly discuss each factor listed in 18 U.S.C. § 3553(a), but a review of the sentencing transcript makes clear that the district court imposed the partially consecutive sentence with those factors in mind. At various points during sentencing, the district court referred to or considered testimony concerning Khouri's age, the circumstances of the instant offense, the need for restitution, the seriousness of the crime, and the appropriateness of a partially consecutive sentence. Moreover, by imposing a partially concurrent sentence, the district court ensured that Khouri received an incremental punishment for the second offense. The district court also clarified that its sentence would remain the same even if the Guidelines were later declared unconstitutional. It specifically determined that the sentence imposed was "reasonable . . . given the conduct of the defendant in this case and the conduct in the [Southern District] case." Because the district court's rationale for imposing the partially consecutive sentence is clear from the sentencing transcript and because it sought to ensure an appropriate incremental penalty for the offense, we find no abuse of discretion.

**D.** **The district court's refusal to depart downward based on the sentence of Khouri's codefendant**

Khouri's final argument is that the district court should have departed downward because his sentence of 108 months greatly surpasses the 51-month prison term of his codefendant Phares. The government, however, points to Khouri's plea agreement in which he expressly waived "any right he may otherwise have [had] to appeal a failure or refusal on the part of the Sentencing Court to downward depart." Defendants such as Khouri may waive their right to appeal as part of a plea agreement so long as the waiver is knowing and voluntary. *See United States v. Swanberg*, 370 F.3d 622, 625-26 (6th Cir. 2004) (holding that Swanberg waived his right to appeal in his plea agreement). We review de novo the question of whether a defendant has waived right to appeal his sentence in a valid plea agreement. *Id*. at 626.

During the hearing where Khouri entered his guilty plea, Khouri testified that he understood the implications of the plea agreement, including the provision that he was waiving his right to appeal his sentence and waiving his right to appeal even if the district court failed to depart downward. He also testified that he and his attorney had reviewed the plea agreement at length and that the plea was "freely and voluntarily given." This court has held pleas to be voluntary and knowing on the basis of similar statements. *See id.* at 626 (holding that even though the sentencing judge incorrectly informed Swanberg that he had the right to appeal, Swanberg's statements "in open court that he had given up his right to appeal whatever sentence he received" meant that he "knowingly waived the right to appeal"). Because Khouri's waiver was knowing and voluntary, we hold that he is unable to challenge the district court's refusal to depart downward.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.

BOYCE F. MARTIN, JR., Circuit Judge, concurring. I concur in the Court's opinion. I would simply note that Khouri did not assert that his sentence was unreasonable and we have not considered the claim under *United States v. Booker*, 543 U.S. 220 (2005).

Finally, Khouri justifiably challenged the district court's denial of his motion to withdraw his guilty plea, the court's imposition of partially consecutive sentences, and the co-defendant sentencing disparity. The same cannot be said for Khouri's other claim. Khouri pled guilty to armed bank robbery. Two days before sentencing, Khouri was arrested while attempting to rob another bank; sentencing on the first armed bank robbery was delayed while Khouri was charged, tried, convicted, and sentenced for the second attempted bank robbery. Then, back at sentencing for the first armed bank robbery, Khouri argued that he was still entitled to a reduction for acceptance of responsibility. The motion, of course, was denied. Khouri's appeal claiming that he is entitled to a reduction for acceptance of responsibility and that the district court's denial of the reduction is "egregious" borders on frivolity and wastes this Court's time.