**IV.**

Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** for resentencing consistent with this opinion.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0192P (6th Cir.)
File Name: 01a0192p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        *v.*                                        No. 99-2031

JACKIE LEE BANKS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-81102—Robert H. Cleland, District Judge.

Argued: January 24, 2001

Decided and Filed: March 28, 2001[*]

Before: BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.[**]

———————————

[*] This decision was originally issued as an "unpublished decision" filed on March 28, 2001. On May 24, 2001, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

---

### COUNSEL

---

**ARGUED:** Frederick G. Huggins, Louisville, Kentucky, for Appellant. James C. Mitchell, ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Appellee. **ON BRIEF:** Frederick G. Huggins, Louisville, Kentucky, for Appellant. Jackie Lee Banks, Pekin, Illinois, pro se. James C. Mitchell, ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Appellee.

---

### OPINION

---

DAN AARON POLSTER, District Judge. After voluntarily cooperating with arresting authorities, Jackie Lee Banks pled guilty to possession with intent to distribute cocaine and possession of a firearm by a convicted felon. Banks appeals from his sentence, specifically challenging the district court's refusal to grant his request for a sentence reduction based on acceptance of responsibility.

### I.

Several weeks before Banks' arrest, the Bay City Police Department received information from two separate informants that a black male known as "Jay Lee" was selling crack cocaine at an abandoned house located on McGraw Street in Bay City, Michigan. The informants advised the police that, if paged with a certain code, "Jay Lee" would leave his rented room at the Flamingo Motel and drive to the McGraw Street address in a grey Cadillac to deliver the drugs. Bay City police officers conducted surveillance over the next several weeks, during which time they observed a grey Cadillac parked at each of the two locations. On August 28, 1998, one of the surveilling officers paged "Jay Lee" who, minutes later, was seen departing the Flamingo Motel in the grey Cadillac. Bay City police officers stopped Jackie Lee

cooperated fully with arresting officers. He led them to his motel room, consented to its search, pointed out the location of more drugs, cash and the firearm, and identified the source of the cocaine. He later discussed his crimes with federal investigators, offered assistance, and timely pled guilty. Based on these facts, the government entered into a Rule 11 plea agreement with Banks wherein the government recommended a sentence reduction "because defendant has accepted responsibility for the offense as demonstrated by pleading guilty." Joint Appendix at 24. The government reserved the right to withdraw its recommendation

> if new facts come to light that indicate that the defendant has not accepted responsibility within the meaning of the Sentencing Guidelines. For example, if the defendant gives false information to his probation officer and/or refuses to provide all financial information requested by his probation officer, or gives false information during his plea proceedings, the government could elect to withdraw the recommendation for acceptance of responsibility under U.S.S.G. 3E1.1(a) or (b).

Joint Appendix at 24-25.

Prior to the presentence interview, Banks' attorney asked the probation officer not to discuss the charged offenses with Banks, stating that he (the attorney) would provide a written statement of the offenses to her. The evidence shows that Banks showed up for his presentence interview employed and drug-free, and there is no evidence that he was uncooperative or provided false information. In light of the government's agreement to recommend acceptance of responsibility credit and overwhelming evidence of Banks' cooperation, the subsequent failure of defense counsel or Banks to provide the probation officer with a written account of the offenses does not constitute a deliberate refusal to cooperate with the government sufficient to justify denying Banks a sentence reduction for acceptance of responsibility.

violation. The *Morrison* court found that the defendant's conduct while out on bond was unrelated to the firearms charge and that it was not probative of whether the defendant accepted responsibility for the firearms offense.

> We hold that acceptance of responsibility, as contemplated by the United States Sentencing Commission, is "acceptance of responsibility for his offense," Guidelines 3E1.1(a) . . . , not for "illegal conduct" generally. Considering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for specific criminal behavior is the issue.

*Morrison*, 983 F.2d at 735. Compare *Morrison* and *United States v. Moored*, 997 F.2d 139 (6th Cir. 1993) (criminal conduct relating to college held unrelated to the crime of applying for fraudulent loans from a financial institution) with *United States v. Walker*, 182 F.3d 485 (6th Cir. 1999) (denial of an adjustment for acceptance of responsibility upheld where the defendant, having pled guilty to conspiracy to distribute cocaine, tested positive for cocaine use while free on bond pending sentencing) and *United States v. Zimmer*, 14 F.3d 286 (6th Cir. 1994) (denial of an adjustment for acceptance of responsibility where the defendant, having pled guilty to manufacturing marijuana, tested positive for marijuana use while free on bond pending sentencing).

As in *Morrison*, Banks' post-plea assault and destruction of property charges were plainly unrelated to the offenses for which he was being sentenced (drug trafficking and firearm possession), signaling that he was denied the sentence reduction due to a general criminal disposition. Consideration of the unrelated post-plea charges as a factor in determining whether Banks accepted responsibility for the sentencing offenses was, thus, improper.

We also agree that the district court erred when it refused to credit Banks for acceptance of responsibility because he failed to provide the probation department with a written account of his offenses. The evidence shows that Banks

Banks before he reached McGraw Street. Among other things, the officers found two baggies containing several rocks of crack cocaine on his person.

Banks accompanied the officers back to the Motel where they conducted a consensual search of his room. At Banks' instruction, the officers found a loaded handgun under the pillow, and $1085 in cash and more cocaine under the mattress. Banks was cooperative, gave a post-Miranda confession admitting to possession of the firearm and ownership of the crack-cocaine which he intended to sell. He also admitted to going by the name "Jay Lee," and offered to cooperate with respect to other investigations.

On May 28, 1999, Banks pled guilty to one count of possession of cocaine with intent to distribute and one count of possession of a firearm by a convicted felon, pursuant to a plea agreement in which the government recommended: (1) a reduction of two levels in the adjusted offense level for acceptance of responsibility for pleading guilty, and (2) an additional one-level reduction in the combined adjusted offenses based on his anticipated assistance "in the investigation and prosecution of his own misconduct by timely providing complete information to the government concerning his own involvement in the offense and timely notifying the government of his intention to enter a plea of guilty." Joint Appendix at 24-25. After entering his plea, Banks' release on bond was continued pending sentencing.

When Probation Officer Peggy L. Walkowiak called Banks' attorney to schedule the presentence interview, he asked her not to discuss the particulars of the offenses with Banks during the interview. He told her that he would provide the probation department with a written version of the offenses by June 11, 1999. Despite several requests by the probation department, however, that writing was never forthcoming.

Meanwhile, on July 19, 1999, Banks was arrested, charged and arraigned in Saginaw County District Court on two counts of Assault with Intent to do Great Bodily Harm less than Murder and one count of Malicious Destruction of

Property.   According to Banks, he was fighting an uphill battle to maintain the conditions of his release on bond (i.e., no drugs, alcohol or weapons) while his live-in girlfriend and her children continued to keep drugs, alcohol and weapons in his house.   He went to the police to try and get them evicted, but was informed that it would take 30 days to do so.   An argument subsequently arose over this issue after he returned from work one day and found beer in the refrigerator and a marijuana joint in an ashtray.   In the altercation that ensued, it is unclear who assaulted whom.   However, it appears that Banks used a baseball bat against his girlfriend, her daughter, and a car window, and that Banks was stabbed several times by his girlfriend's daughter.

In an August 5, 1999 addendum to the presentence report, the probation department recommended that Banks receive no adjustment for acceptance of responsibility because "Mr. Banks and/or his attorney failed to provide any verbal or written statement concerning the offenses" to the Department, and because of Banks' intervening criminal charges.

At the sentencing hearing, the government conceded that, at the time of his arrest, Banks was forthcoming with the arresting officers, consented to the search of his motel room where additional drugs and the firearm were found, and identified the source of the narcotics.   Moreover, Banks voluntarily debriefed the U.S. Attorney's Office and DEA agents, offered to cooperate (although no substantial assistance resulted), and entered a timely plea.

The district court found, nonetheless, that Banks had failed to prove by a preponderance of the evidence that he was entitled to a reduction in his offense level under the federal sentencing guidelines for acceptance of responsibility.   The court initially noted that pleading guilty is one element to be considered in favor of a defendant with respect to acceptance of responsibility.   However, the court continued,

> Voluntarily terminating or withdrawing from criminal activity, criminal conduct, criminal associations is another point to be considered under the application note

### III.

Banks challenges the district court's refusal to grant him a reduction in sentence for acceptance of responsibility because the decision was improperly based on his post-plea criminal charges, and because of his failure to provide the probation department with a written account of the charged offenses.

The transcript of the sentencing hearing shows that the primary reason the district court denied Banks a sentence reduction was due to the post-plea criminal charges.[1] Although the court twice acknowledged that the post-plea assault and destruction of property charges were distinct from the charges for which Banks was being sentenced (i.e., drug trafficking and firearm possession),  it found that the post-plea conduct was "consistent with *other criminal activity* of which [Banks] had been charged and convicted *in earlier years.*" Joint Appendix at 93-94 (emphasis added). The court also likened the assault charge to the firearm charge in determining that Banks failed to withdraw from criminal conduct.   But the evidence shows that Banks' possession of the firearm was constructive only, and there is no evidence that he used it to assault anyone.   Concluding that Banks had "not clearly and affirmatively withdrawn from *criminal conduct which present[ed] a danger to the community,*" Joint Appendix at 95 (emphasis added), the court denied Banks' request for acceptance of responsibility credit.   However, the denial of a sentence reduction based on a defendant's general criminal disposition has been expressly rejected by the Sixth Circuit.

In *United States v. Morrison*, 983 F.2d 730 (6th Cir. 1993), the Sixth Circuit vacated a sentence in which the district court considered the defendant's subsequent positive drug test and indictment for attempted theft as factors in determining whether he had accepted responsibility for a firearms

---

[1] At oral argument, the government conceded that this was the weaker of the two bases for the sentencing court's decision to deny the sentence reduction.

(b)  voluntary  termination  or  withdrawal  from criminal conduct or associations; . . .

* * *

3.  Entry of a plea of guilty prior to the commencement of  trial  combined  with  truthfully  admitting  the conduct comprising the offense of conviction, and truthfully  admitting  or  not  falsely  denying  any additional  relevant  conduct  .  .  .  will  constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).  However, this evidence  may  be  outweighed  by  conduct  of  the defendant that is inconsistent with such acceptance of responsibility.  A defendant who enters a guilty plea  is  not  entitled  to  an  adjustment  under  this section as a matter of right.

Id.

The  defendant  has  the  burden  of  demonstrating  by  a preponderance of the evidence that a reduction for acceptance of responsibility is warranted.  *United States v. Benjamin*, 138 F.3d 1069, 1075 (6th Cir. 1998) (citing *United States v. Williams*, 940 F.2d 176, 181 (6th Cir. 1991)).  "The sentencing  judge  is  in  a  unique  position  to  evaluate  a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review."  U.S.S.G. § 3E1.1 application note 5; *see United States v. Moored*, 997 F.2d 139, 145 (6th Cir. 1993).  "Because it generally a question of fact, the trial court's determination of whether a defendant has accepted responsibility normally enjoys the protection of the 'clearly erroneous' standard, and will not be overturned unless it is without foundation.  *Morrison*, 983 F.2d at 732 (citations omitted); *United States v. Wilson*, 878 F.2d 921, 923 (6th Cir. 1989).  Questions of law, however, such as the appropriate application of a guideline to a particular set of facts, are subject  to  de  novo  review.  *Morrison*,  983  F.2d  at  732 (citations omitted).

following 3E1.1.  Most especially voluntary withdrawal from criminal conduct or associations reflective of the crime of conviction.  Different criminal conduct perhaps carries  less  weight.  In  other  words,  a  continuation  of criminal conduct of a different sort may be considered by a Judge less significant under many circumstances than continuation of the same kind of criminal conduct.  A drug – a guilty plea in a drug distribution case in which a defendant continues to distribute drugs, certainly that would not be a difficult decision.  That person will have a  difficult  time  persuading  anybody  he  ought  to  get acceptance of responsibility credit.  But a person who pleads guilty to theft who's then caught in possession of marijuana has indeed committed a new crime, but it's distinct from the crime, the original crime of conviction and probably not as clearly indicative of a continuation of criminal conduct as such.

Here Mr. Banks has apparently involved himself in criminal conduct which is on the one hand distinct from the crime of conviction, the drug offense to which he pleaded guilty, but which is remarkably consistent with other criminal activity of which he has been charged and convicted in earlier years.

Joint Appendix at 93-94.  The court pointed out that Banks had  a  history  of  assaultive  behavior  based  on  a  1989 manslaughter charge, and that he had already spent one year in prison for possession of crack cocaine.  The court proceeded:

My concern is that the Defendant has not clearly and affirmatively withdrawn from criminal conduct which presents a danger to the community, and although it is different from the crime of conviction here, I am very concerned about it.

* * *

[A] crime of violence is perhaps not so far distant from Count Two (possession of a firearm by a felon).

Joint Appendix at 95 (parenthetical added).

The court concluded:

> [E]ven taking Mr. Banks' statements as being absolutely true, he involved himself in what looked to the world as though it was assaultive behavior and destructive behavior, breaking a window out of a car and things of that sort in the Saginaw County incident of July; all of this while the presentence report was pending and he knew it was pending because only a matter of a week or two earlier he'd gotten a call from the presentence investigator asking where's your factual statement, something which was never forthcoming.
>
> All of these things taken together lead me to the conclusion that the Defendant does not persuade the Court by a preponderance of the evidence that an acceptance of responsibility is clearly due . . .

Joint Appendix at 96.

Banks was thereafter sentenced to 151 months incarceration for possession with intent to distribute crack cocaine, based upon an offense level of 32 and a criminal history category of III (the lower end of a guideline range of 151 to 188 months). He received a concurrent sentence of 120 months on the firearm charge. If the three-point reduction for acceptance of responsibility had been awarded, Banks' guideline range would have been 108 to 135 months.

## II.

A district court's decision regarding acceptance of responsibility is generally a factual question that must be affirmed unless clearly erroneous. *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir. 1993).

The U.S. Sentencing Guidelines Manual, § 3E1.1, provides for an offense level reduction of up to three points for a defendant's acceptance of responsibility, as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b) If the defendant qualifies for a decrease under subsection (a), . . . and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

  (1) timely providing complete information to the government concerning his own involvement in the offense; or

  (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by **1** additional level.

Id.

The Application Notes to § 3E1.1 are instructive:

1.  In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

  (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). . .