**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jackie Lee BANKS, Defendant–Appellant.**

**No. 02–1417.**

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2004.

James C. Mitchell, Asst. U.S. Attorney, Flint, MI, for Plaintiff–Appellee.

Suzanna Kostovski, Detroit, MI, for Defendant–Appellant.

Before SILER, BATCHELDER and COOK, Circuit Judges.

COOK, Circuit Judge.

Jackie Lee Banks appeals, for the second time, his sentence for drug and firearms convictions. On his first appeal, we remanded for resentencing due to the district court's failure to grant a sentence reduction for Banks's acceptance of re-

sponsibility. Banks now challenges: the district court's finding that the government's sentencing recommendation conformed to the terms of his Rule 11 plea agreement; the district court's denial of sentence reductions; and the district court's two-level sentence enhancement for obstruction of justice. Banks also claims that the district court's failure to update his presentence report requires a reversal. Because we find no reversible error in Banks's resentencing, we affirm the district court judgment.

## I

This court's earlier opinion. *United States v. Banks*, 252 F.3d 801 (6th Cir. 2001), details the facts underlying Banks's convictions and the reasons for our initial remand of this case. We do not repeat them here. Upon remand, the district court held a resentencing hearing that was ultimately continued to a second day. The district court then sentenced Banks to two concurrent terms of 110 months for possession with intent to distribute crack cocaine and for possession of a firearm by a felon.

## II

### A. The Government's Recommendation for Reduction

Banks first contends that the government failed to recommend the fifty-percent sentence reduction to which he was entitled (as a result of his substantial assistance to the government) under his Rule 11 plea agreement. Because the government recommended only a ten-percent reduction, he claims that the district court erred in finding that the government's recommendation complied with the terms of the plea agreement.

This court reviews for clear error the district court's determination of factual questions relating to the content of plea agreements. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000).

■ The plain language of Banks's plea agreement contradicts Banks's argument that the government needed to recommend a fifty-percent reduction. The agreement grants the government discretion to determine whether Banks's assistance sufficed to merit a reduction recommendation at all, and, if so, to determine what level of reduction to recommend. If recommending a reduction, the government needed only to recommend that "the sentence should be decreased to a point that is not less than 50 percent of the minimum of the applicable guideline range." In other words, the government's recommended reduction could be as much as, but not more than, fifty percent of the minimum of the applicable guideline range. The government's recommendation of "a reduction of up to, but not more than, 10 percent [of the minimum of the applicable guideline range] below the sentence the [district] court finds to be otherwise applicable" falls within the parameters set by the plea agreement. We therefore find no reversible error.

### B. Downward Departure for Post–Arrest Rehabilitative Actions

Banks next argues that the district court erred in refusing to grant a downward departure for his "exceptional and exemplary" post-offense rehabilitation. This court may not review the district court's refusal to depart downward unless the district court mistakenly believed that it lacked the legal authority to grant a departure. *United States v. Ruiz*, 536 U.S. 622, 627, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

■ Banks does not demonstrate that the district court believed it lacked the

authority to depart downward. Indeed, the record of the resentencing hearing reflects that the district court explicitly recognized its authority to grant a downward departure for post-offense rehabilitation but refused to do so because Banks's activities were not "extraordinary":

> "[U]nder some circumstances, the Court is permitted to, to [sic] grant downward departures for post-sentencing rehabilitation when the case is considered for resentencing.... And I do not find anything that takes this case out of the heartland of cases, as suggested."

Accordingly, we find no error.

### C. Reduction for "Minor Participant" Status

Banks also claims that the district court erred in denying his request for a two-level reduction due to his role as a "minor participant." In reviewing the district court's application of the sentencing guidelines, this court reviews the lower court's factual findings for clear error and its legal conclusions de novo. 18 U.S.C. § 3742; see, e.g., United States v. Rutana, 18 F.3d 363, 365 (6th Cir.1994).

U.S. Sentencing Guidelines Manual § 3B1.2 permits a two-level decrease "[i]f the defendant was a minor participant in any criminal activity." A "minor participant" is a "defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2, cmt. n. 3 (2002); see also U.S. SENTENCING GUIDELINES MANUAL § 3B1.2, cmt. n. 5 (indicating that a "minor participant" is "less culpable than most other participants, but whose role could not be described as minimal").

■ The record supports the district court's conclusion that Banks was the "quintessential average participant" for the charged offenses. As described in our earlier opinion. Banks had in his possession all of the cocaine for which he was held accountable, as well as the firearm that was the subject of one of his convictions. Banks admitted that he possessed these items and acknowledged his intent to sell the cocaine. As the district court remarked. Banks's "participation was ... in the middle of this activity, neither appreciably greater, nor appreciably less intensely involved than the others who we know about only because of defendant's own statements." We find no clear error.

### D. Enhancement for Obstruction of Justice

■ Banks next challenges the district court's imposition of a two-level sentence enhancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines. On the first day of his resentencing hearing, Banks told the district court that he had not knowingly entered the plea agreement due to ineffective assistance of counsel and promises of probation from the government. This contradicted Banks's testimony at his 1999 guilty plea. To determine if Banks's allegations had merit, the district court adjourned the hearing and requested briefing from the parties on Banks's inconsistent statements. At the reconvened hearing, the district court concluded from the parties' briefs, as well as sworn statements from Banks's trial counsel and government agents, that Banks's statements to the court prior to the resentencing adjournment were false and offered "in an attempt to influence the Court's sentencing decision in this case."

Section 3C1.1 of the Guidelines permits a two-level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the ... sentencing of the instant offense of conviction...." Obstruction of justice

may include "providing materially false information to a judge." U.S. Sentencing Guidelines Manual § 3C1.1, cmt. n. 4(f).

This court uses a three-step process to review a district court's sentence enhancement for obstruction of justice. *United States v. Chance*, 306 F.3d 356, 389 (6th Cir.2002). We first review for clear error the district court's findings of fact underlying the enhancement. *Id.* Second, we review de novo the district court's conclusion that the facts constitute obstruction of justice. *Id.* Finally, we review de novo the application of the enhancement. *Id.*

The record fully supports the district court's factual determination that Banks had provided "materially false information" to the court. Because this conduct qualifies as obstruction of justice, and because the district court properly applied the enhancement, we affirm the district court's decision.

### E. Banks's Presentence Report

■ Finally, Banks argues that the district court violated Fed.R.Crim.P. 32 in failing to have the text of his presentence report ("PSR") updated prior to his resentencing to reflect the dismissal of a domestic violence charge. Rule 32(c)(1) states that "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing."

The district court need not have updated the written PSR because the court resolved the issue of Banks's domestic violence charge, if it was in fact a "controverted matter," in Banks's favor. At Banks's resentencing hearing, the district court expressly acknowledged that the charge had been dismissed, noting that "The [domestic violence] charge, apparently, died some natural death in the state system. It was dismissed." The record reflects that the court did not consider the charge in resentencing Banks. Accordingly, we find no reversible error.

### III

For the foregoing reasons, we deny Defendant–Appellant's claims and affirm the district court's sentencing judgment.