UNITED STATES of America,
Plaintiff–Appellee,

v.

Jennifer L. HUMPHREYS,
Defendant–Appellant.

No. 03–6153.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Arthur E. Quinn, Bogatin Law Firm, Memphis, TN, for Defendant–Appellant.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Jennifer L. Humphreys, proceeding through counsel, appeals the sentence imposed upon her conviction for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On January 16, 2003, Humphreys was indicted for conspiracy to manufacture methamphetamine, attempt to manufacture methamphetamine, possession of materials which may be used to manufacture methamphetamine, and possession of the chemical ephedrine which may be used to manufacture methamphetamine. Humphreys was arrested on January 27, 2003, and subsequently released on bond. Pursuant to a written plea agreement, Humphreys pled guilty on May 2, 2003, to conspiracy to manufacture methamphetamine in exchange for the dismissal of the remaining three charges.

Following the preparation of a presentence investigation report, the district court sentenced Humphreys to serve thirty months of imprisonment plus two years of supervised release. In arriving at the

sentence imposed, the district court reduced Humphreys's base offense level by two levels pursuant to the safety valve provisions of 18 U.S.C. § 3553(f) and USSG § 5C1.2, and departed downward by five levels pursuant to USSG § 5K1.1 for substantial assistance to authorities. The district court refused to further reduce Humphreys's offense level for acceptance of responsibility.

Humphreys filed a timely appeal, in which she argues that the district court erred when it declined to reduce her offense level for acceptance of responsibility pursuant to the provisions of USSG § 3E1.1. The parties have waived oral argument.

A district court's determination with respect to acceptance of responsibility "is entitled to great deference" by a reviewing court. *United States v. Russell,* 156 F.3d 687, 693 (6th Cir.1998); USSG § 3E1.1, comment. (n.5). For this reason, we will not disturb a district court's decision to deny a § 3E1.1 offense level reduction for acceptance of responsibility absent clear error. *Buford v. United States,* 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Webb,* 335 F.3d 534, 537–38 (6th Cir.2003); *Russell,* 156 F.3d at 693.

The sentencing guidelines provide for a two or three level reduction in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). A district court may consider many factors to determine whether such a reduction is warranted, including the defendant's "voluntary termination or withdrawal from criminal conduct or associations" and "conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1, comment. (nn.1(b) and 3).

Upon review, we conclude that the district court did not err when it refused to reduce Humphreys's offense level for acceptance of responsibility. Humphreys tested positive for illegal drug use while she was on bond, which constitutes continued criminal conduct. Humphreys also violated additional conditions of her bond, which is inconsistent with acceptance of responsibility. While on bond, Humphreys continued to use illegal drugs, as evidenced by several positive drug screens conducted by the pretrial services office and by her admission to marijuana use; she failed to report for drug testing on several occasions; she failed to report for drug counseling sessions; she failed to seek and obtain employment; she failed to contact the pretrial services office by telephone on numerous occasions; she failed to report in person for a scheduled meeting with her pretrial services officer; and she failed to inform the appropriate authorities of changes to her address and telephone number.

Contrary to Humphreys's arguments, she was not entitled to a reduction in her offense level for acceptance of responsibility as a result of her guilty plea, expression of remorse, and assistance to authorities. First, a guilty plea does not automatically entitle a defendant to an offense level reduction for acceptance of responsibility. *United States v. Guthrie,* 144 F.3d 1006, 1012 (6th Cir.1998); *United States v. Guarin,* 898 F.2d 1120, 1121–22 (6th Cir.1990). Second, Humphreys's expression of remorse is insufficient to demonstrate acceptance of responsibility in light of her inconsistent conduct while on bond. *See United States v. Zimmer,* 14 F.3d 286, 289 (6th Cir.1994). Third, Humphreys's assistance to authorities is insufficient to demonstrate acceptance of responsibility because it was considered in conjunction with the district court's grant of a five-level downward departure pursuant to USSG § 5K1.1. The substantial assistance to authorities reduc-

tion is a consideration independent of the acceptance of responsibility reduction. USSG § 5K1.1, comment. (n.2).

Accordingly, we affirm the district court's judgment of conviction and sentence.