NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0479n.06
Filed: June 8, 2005

No. 04-1571

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff-Appellee,     )
                                )
v.                              )       ON APPEAL FROM THE UNITED
                                )       STATES DISTRICT COURT FOR THE
                                )       WESTERN DISTRICT OF MICHIGAN
RONALD JAMES SULLIVAN, also known )
as Bo Sullivan,                 )
                                )
        Defendant-Appellant.    )


Before: KENNEDY and COOK, Circuit Judges; VARLAN, District Judge.[*]


PER CURIAM. Ronald Sullivan pleaded guilty to conspiracy to possess with intent to

distribute a controlled substance, "ecstacy." He appeals the district court's denial of a downward

departure for acceptance of responsibility, arguing that his cocaine use the day before pleading

guilty and his denial of a later-admitted cocaine sale to a probation officer did not negate his

acceptance of responsibility.[1] For the reasons that follow, we affirm the district court.

_____

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

[1]Sullivan raised a *Booker* argument for the first time at oral argument, which we consider
waived. *See United States v. Bender*, 265 F.3d 464, 475 (6th Cir. 2001).

I

After the government filed the indictment against him in this case, Sullivan turned himself in. The court below then granted bond, on the condition that he, among other things, refrain from illegal drug use.

When he later entered his guilty plea, Sullivan repeatedly denied that he was still taking "drugs of any kind." The court ordered a drug test anyway, which showed presence of cocaine. Sullivan then admitted that he had used cocaine over the past weekend, and the court revoked bond.

Before sentencing, Sullivan told a probation officer that he sold lesser quantities of ecstacy than he had admitted at his plea hearing. But just before sentencing, he admitted to a greater pill quantity, as well as a cocaine transaction he had previously denied.

At sentencing, the court granted a two-level downward departure under the safety-valve provisions of U.S. Sentencing Guidelines Manual § 2D1.1(b)(6) (2003). It also granted a four-level downward departure for substantial assistance. But it denied a downward departure for acceptance of responsibility because Sullivan minimized his activities to the probation officer, and used cocaine just before pleading guilty.

II

We review the district court's determination of whether a defendant accepted responsibility for clear error. *United States v. Webb*, 335 F.3d 534, 537-38 (6th Cir. 2003). The Guidelines

provide for a two-level downward departure where a "defendant clearly demonstrates acceptance

of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a) (2003). A guilty

plea is "significant," but not conclusive, evidence of acceptance of responsibility. *Id.* at § 3E1.1,

cmt. n.3.

Sullivan argues that his guilty plea, pre- and post-indictment cooperation, and pre-indictment

withdrawal from ecstacy distribution demonstrate acceptance of responsibility. We conclude,

however, that the district court did not clearly err in concluding Sullivan's other conduct was

inconsistent with acceptance of responsibility.

In denying the departure, the court noted that Sullivan initially denied to the probation officer

that he had sold cocaine. The court also noted that Sullivan did not timely correct his "earlier false

statements" to the probation officer. The cocaine sale's relevance is unclear—the court's reference

to it at sentencing seems to be the only one in the record. But the pre-sentence report clarifies what

the court meant by "earlier false statements": Sullivan failed to disclose certain ecstacy transactions

and quantities until investigators confronted him about them. So even if the court improperly

considered the cocaine transaction, as Sullivan apparently contends, the district court did not clearly

err in concluding that Sullivan misled probation officers in a manner inconsistent with acceptance

of responsibility. *See United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995) (defendant's effort

to minimize his crime after pleading guilty negated acceptance of responsibility).

The court also did not clearly err in concluding that Sullivan's continued cocaine use was inconsistent with acceptance of responsibility. The Guidelines list "voluntary termination or withdrawal from criminal conduct or associations" as a factor to be considered in determining whether a defendant has accepted responsibility. U.S. Sentencing Guidelines Manual § 3E1.1, application note 1(a). "Criminal conduct" means only conduct "related to" the underlying offense—i.e., conduct that is "of the same type" as the underlying offense, that is the "motivating force" behind the underlying offense, that is "related to actions toward government witnesses" in the underlying offense, or that maintains an "otherwise strong link" with the underlying offense. *United States v. Morrison*, 983 F.2d 730, 734-35 (6th Cir. 1993).

Different "drug offenses" are "of the same type." *See United States v. Bennett*, 170 F.3d 632, 640 (6th Cir. 1999); *United States v. Humphreys*, 108 Fed. Appx. 329, 330 (6th Cir. 2004) (order) (no acceptance of responsibility where defendant pleaded guilty to conspiracy to manufacture methamphetamine but used illegal drugs while on bond); *United States v. Olvera*, 954 F.2d 788, 793 (2d Cir. 1992) (no acceptance of responsibility for possession with intent to distribute cocaine because defendant tried to smuggle a half-ounce of marijuana into prison). Thus the district court did not clearly err in determining that Sullivan's continued cocaine use (and lie about it to the court) demonstrated a failure to accept responsibility.

Because we conclude that Sullivan's conduct was "of the same type" as his underlying offense, we do not consider the government's further argument that Sullivan's drug use was

"relevant" because his "drug-party lifestyle" was the "motivating force" behind both the ecstacy

sales and the cocaine use.

For these reasons, we affirm Sullivan's sentence.