NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0659n.06
Filed: September 5, 2007

Case No. 06-1810

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| THOMAS PAUL ACKERMAN, | ) | DISTRICT OF MICHIGAN |
| | ) | AT GRAND RAPIDS |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER and COLE, Circuit Judges, and PHILLIPS,[*] District Judge.

THOMAS W. PHILLIPS, District Judge. The question before the Court is whether the district court erred when it declined to award the defendant a two-point reduction in his sentence for acceptance of responsibility. Since a district court can only consider relevant conduct related to the guilty plea of the particular offense for determining a defendant's acceptance of responsibility, we VACATE the sentence of the district court and REMAND for resentencing in accordance with this opinion.

I. Background

Local law enforcement received information that defendant was growing marijuana at his residence and went to defendant's home on November 9, 2004 to investigate. After law enforcement

_____

[*] The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

explained the purpose of their visit, defendant consented to a search of his residence. During the search, defendant admitted to the officers that they would find marijuana on the second floor of his home. The defendant confessed that he grew and used marijuana for his own personal use. In addition to finding nearly five pounds of marijuana, the officers found nineteen guns and hundreds of rounds of ammunition.[1] At the time of the search, defendant stated that the guns belonged to his roommate and girlfriend. However, further investigation indicated that the guns belonged to the defendant.

Thereafter, the defendant was indicted on November 23, 2005 for being a felon in possession of a firearm and for possession of marijuana. On February 2, 2006, the defendant pled guilty to the felon in possession of a firearm charge. The misdemeanor drug charge of simple possession was dropped as a part of the plea agreement. However, the plea agreement provided that "in determining the sentence[,] the Court may consider the dismissed [drug related] count." Defendant was released on bond, ordered to abstain from marijuana use, and ordered to participate in drug testing. After the defendant failed a number of monthly drug tests, as well as denied any use of drugs to his probation officer, the defendant was brought before the district court. When facing the judge, the defendant admitted his drug use, and his bond was therefore revoked.

During defendant's sentencing stage, the court considered and rendered decisions on a number of objections made by the defendant to the presentence report. The district court found that (1) the defendant did not possess all of the firearms solely for lawful sporting and collection

---

[1]Five of the nineteen firearms were not charged federally, as they were determined to be either antiques or black powder firearms.

purposes; (2) the four-point enhancement for possession of a firearm in connection with another felony was not warranted; (3) a two-point enhancement for possession of a stolen firearm was applicable; (4) defendant's conduct did not warrant a two-point reduction for acceptance of responsibility; and (5) no departure reduction would be given with respect to the issue of ailing health.[2]

The district court then sentenced the defendant at an offense level of eighteen and at a criminal history category of I. The sentencing range for this combination is twenty-seven to thirty-three months. The district court, however, imposed a sentence of twenty months of imprisonment, i.e., seven months below the guideline range, after considering the government's motion for downward departure and the relevant Title 18 U.S.C. § 3553 factors.

Subsequently, the defendant timely filed an appeal, taking issue only with the district court's denial of a two-point reduction for defendant's acceptance of responsibility. The district court found that the defendant had not accepted responsibility because (1) he failed to accept any responsibility for possession of the marijuana at his home, (2) the defendant repeatedly used marijuana after he was released on bond and after he pled guilty, and (3) defendant repeatedly lied to probation regarding his marijuana use. The defendant argues that he admitted his possession of the firearms to the agents upon arrest, pled guilty to the firearm charge, and provided substantial assistance to the government. Defendant asserts that these actions warrant a reduction in the offense level for acceptance of responsibility, despite the defendant's post-plea drug use and denial of his marijuana addiction, that

---

[2]As to defendant's request for a reduction for acceptance of responsibility, the government did not contest the defendant's petition prior to the court's ruling.

is, until the government moved to revoke his pre-sentence release.

## II. Analysis

"Because it is generally a question of fact, the trial court's determination of whether a defendant has accepted responsibility normally enjoys the protection of the 'clearly erroneous' standard, and will not be overturned unless it is without foundation." *United States v. Roberts*, 243 F.3d 235, 240-41 (6th Cir. 2001) (quotations omitted). However, questions of law, such as the appropriate application of a guideline to a particular set of facts, are subject to a de novo review. *See United States v. Wilson,* 920 F.2d 1290, 1294 (6th Cir. 1990). The defendant has the burden of establishing by a preponderance of the evidence that a reduction for acceptance of responsibility is justified. *United States v. Banks*, 252 F.3d 801, 806 (6th Cir. 2001).

Pursuant to § 3E1.1 of the Sentencing Guidelines, a district court shall decrease a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense . . . ." In determining whether a defendant qualifies for a reduction for acceptance of responsibility, the sentencing court weighs and examines different considerations, including the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable. U.S.S.G. § 3E1.1 cmt, n. 1 (2003). Under the Sentencing Guidelines, it is not a requirement that a defendant "volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction [for acceptance of responsibility] . . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]" *Id.* The defendant's voluntary termination or withdrawal from

4

criminal conduct or associations is also considered when contemplating an acceptance of responsibility reduction.  U.S.S.G. § 3E1.1 cmt, n. 1(b) (2003).

Moreover, Application Note 3 to § 3E1.1 states as follows:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).  However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.  A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

We have previously addressed and described the type of criminal conduct that a district court should consider in its determination of a defendant's acceptance of responsibility in *United States v. Morrison*, 983 F.2d 730 (6th Cir. 1993).  In *Morrison*, the defendant was indicted for being a felon in possession of a firearm.  *Id.* at 731.  Following his indictment but before sentencing, the defendant was charged in state court with attempted theft of a pick-up truck.  *Id.* at 733.  Further, the defendant tested positive for controlled substances.  *Id.*  At sentencing, the trial court counted the attempted theft, and may have counted the positive drug test, against the defendant in denying him a reduction for acceptance of responsibility.  *Id.*  On appeal, we reversed.  We held that criminal conduct referenced in Application Note 1(b) of § 3E1.1 includes all criminal conduct "related to the underlying offense."  *Id.* at 735.  Related conduct includes, among other types, conduct that is "the motivating force behind the underlying offense" or involves "an otherwise strong link with the underlying offense."  *Id*.  We determined that the attempted theft and the positive drug screen were not related conduct to the underlying offense and therefore concluded that counting this conduct

5

against the defendant for purposes of determining acceptance of responsibility was in error.

Subsequent to the *Morrison* decision, the Sixth Circuit in *United States v. Banks*, 252 F.3d 801, 807 (6th Cir. 2001), likewise held that consideration of unrelated post-plea charges as a factor in determining whether the defendant had accepted responsibility for the sentencing offenses was improper. In the *Banks* case, we concluded that the defendant's post-plea assault and destruction of property charges were unrelated to the offenses for which the defendant was being sentenced, that is, drug trafficking and firearm possession offenses. *Id.*

Similarly, in the present case, the defendant pled guilty to the gun charge, truthfully told the agents about the guns, and forfeited his firearms. The gun charge was the offense of the conviction. The defendant's denial of his drug addiction and positive post-plea drug screens do not undercut his guilty plea in his firearm case. Moreover, the argument that the plea agreement contemplates consideration of conduct related to his dismissed drug possession offense is not controlling in light of our rulings in *Morrison* and *Banks*. The defendant did not plead guilty to a simple possession of marijuana offense, and the drug related charge was not pursued by the government in its case against the defendant. A defendant's acceptance of responsibility is related to his offense alone and not "illegal conduct in general." *See Morrison*, 938 F.2d at 735. "Considering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for specific criminal behavior is the issue." *Id.*

### III. Conclusion

Because conduct to be considered for determining acceptance of responsibility at the sentencing stage must be related to the offense to which the defendant entered his guilty plea, we

6

VACATE the trial court's sentence and REMAND for resentencing consistent with this decision.