NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0351n.06

No. 12-5479

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 09, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR M. LOVE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

Before: DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Defendant Victor Love pleaded guilty to attempt to possess a controlled substance with intent to distribute and was sentenced to a prison term of 86 months. He now challenges that sentence as procedurally and substantively unreasonable, contending that the district court erred in denying him a two-level reduction in his offense level for acceptance of responsibility under USSG § 3E1.1. The district court denied the reduction based on a finding that Love had engaged in ongoing criminal activity that negated acceptance of responsibility. We find no error and affirm.

As part of a larger investigation into suspicious packages mailed from California to the Memphis area, the Memphis police traced a package addressed to Teresa Noel. The

package contained Lortab tablets with a total gross weight of 2,255.9 grams of hydrocodone, a Schedule III controlled substance. On January 5, 2010, the police made a controlled delivery of the package to the address on the package, where they found Noel, her brother Elmon Love, and other family members. Elmon Love informed the police that Victor Love had called him that morning to ask him to place a soon-to-arrive package in a trash can outside the house. While police were still at the residence, Victor Love drove up to the house, parked, and walked towards the trash can before suddenly returning to his car. Officers then detained Love without incident and found a mail receipt matching the information on the package addressed to Teresa Noel. He also matched security photos of the person who had shipped the package from Los Angeles. Love agreed to cooperate with the police and gave a statement detailing his actions in mailing the package. He was neither arrested nor taken into custody at that time.

In fact, Love was not formally charged with possession of hydrocodone until a federal indictment was returned on March 23, 2010, and the arrest warrant based on the indictment was not executed until June 29, 2010. By that time, however, Love had been arrested again, not once but twice. The first arrest followed a traffic stop on May 4, 2010, during which police found 461.4 grams of marijuana under the front passenger seat, 11 more grams of marijuana in the console, and 10 money-grams totally $8,800 in the glove box of the vehicle Love was driving. He was arrested again on June 23, 2010, after he and two others were found to be in possession of 220 grams of marijuana. Although the latter

charge was dismissed in state court prior to sentencing in this case, the May 4 charge remained pending.

Love subsequently pleaded guilty to the federal hydrocodone charge, without the benefit of a plea agreement. The probation officer who prepared Love's presentence report recommended that he be given no credit for acceptance of responsibility, based on his "ongoing criminal activity while on pretrial release." The report also noted that Love had a lengthy criminal record and was subject to sentencing as a career offender. At sentencing, Love's attorney nevertheless renewed his client's request for a two-level reduction for acceptance of responsibility, based on Love's "truthful" admission of guilt, his efforts at post-offense rehabilitation, and his "open plea." The main thrust of his attorney's presentation at the sentencing hearing consisted of an unsuccessful argument against imposition of career-offender sentencing.

Ultimately, Love was sentenced as a career offender without the benefit of a reduction for acceptance of responsibility, based on his arrest in May 2010. However, the district court did grant a 14-month variance from the low end of the applicable Guideline range of 100-120 months, after finding that Love "[wa]s making what appear[ed] to be legitimate efforts to improve his situation," and imposed a sentence of 86 months. Love now appeals his sentence, contending that it is unreasonable because the district court failed to give him credit for acceptance of responsibility.

Under USSG § 3E1.1(a), a defendant may receive a two-point reduction in his offense level if the defendant accepts responsibility for the charged offense and acts in a manner consistent with that acceptance, such as by confessing or admitting guilt. *See* USSG § 3E1.1(a), comment. (n.1). A sentencing judge must consider a number of factors in determining whether to grant the credit, including the defendant's "voluntary termination or withdrawal from criminal conduct or associations." USSG § 3E1.1(a), comment. (n.1(B)). Although "truthfully admitting . . . relevant conduct" should be treated as "significant evidence of acceptance of responsibility," an admission "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility," USSG § 3E1.1(a), comment. (n.3), including continuing criminal conduct. To be relevant, however, the continuing criminal conduct must be "conduct that is related to the underlying offense, such as being of the same type or a motivating force behind the offense." *United States v. Lawson*, 266 F.3d 462, 466 (6th Cir. 2001). That is, "'illegal conduct generally'" is not relevant criminal behavior. *United States v. Banks*, 252 F.3d 801, 807 (6th Cir. 2001) (quoting *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir.1993)).

In this case, Love's offense of conviction was for attempt to distribute hydrocodone, a Schedule III narcotic. Love's May 4 arrest was for possession with intent to distribute marijuana, a Schedule I narcotic. Both charges obviously relate to drug-trafficking, albeit for different drugs. That distinction is insignificant in this context, however, and does not render the May 4 arrest unrelated to the earlier offense. *Compare United States v. Bennett*, 170 F.3d 632, 640 (6th Cir. 1999) (state drug offense is related conduct to federal

drug charge), *with Banks*, 252 F.3d at 807 (assault charge is unrelated to drug-possession charge). Love's failure to withdraw from drug-related criminal activity thus constitutes continuing criminal activity that was properly considered by the district court.

On appeal, Love nevertheless argues that "there is more to the [acceptance of responsibility] analysis" than continuing criminal conduct. Although Love is correct that some of the other considerations outlined in the commentary to USSG § 3E1.1(a) may cut in his favor, his post-indictment, pre-arrest drug activity weighs strongly against finding a clear acceptance of responsibility. Indeed, we have previously held that even "great[] remorse" by a defendant can be outweighed by "ongoing criminal activity up to the time of . . . arrest." *United States v. Webb*, 335 F.3d 534, 538 (6th Cir. 2003). In this case, we conclude that the district court did not err in denying a two-level reduction for acceptance of responsibility.

Nor did the court's decision render the resulting sentence procedurally or substantively unreasonable. We evaluate the reasonableness of a sentence under an abuse-of-discretion standard of review. *See, e.g.*, *United States v. Phinazee*, 515 F.3d 511, 514 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). "The reasonableness review is split into two parts: procedural reasonableness and substantive reasonableness." *United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010). The procedural reasonableness of a sentence is determined by the absence of a "'significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Johnson*, 640 F.3d 195, 201-02 (6th Cir. 2011) (quoting *Gall*, 552 U.S. at 51). "A sentence may be substantively unreasonable if the district court select(s) the sentence arbitrarily, bas(es) the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv(es) an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and citations omitted).

Love claims that the district judge failed to calculate the Guidelines range properly by denying the acceptance-of-responsibility credit. We have previously found no merit to this contention. Moreover, the district judge carefully considered all relevant factors in the course of his § 3553 analysis, undercutting any argument that Love's sentence was procedurally unreasonable.

Love's substantive-unreasonableness argument is fundamentally a restatement of his procedural-unreasonableness claim: Love claims that the district judge gave "an unreasonable amount of weight" to Love's May 4 arrest. We conclude, to the contrary, that the district court did not deny Love the acceptance-of-responsibility credit arbitrarily, nor did the court fail to consider relevant arguments for and against the credit. Indeed, the court took into account all Love's efforts at rehabilitation in its § 3553 analysis and

ultimately granted him a below-Guidelines range of 86 months.  We thus find no merit to

the contention that Love's sentence is substantively unreasonable.

For the reasons set out above, we AFFIRM the district court's judgment.