NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0027n.06

Case No. 15-1422

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 14, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DAVID SEARER, JR., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, CLAY, and KETHLEDGE, Circuit Judges.

SILER, Circuit Judge. Pursuant to a plea agreement, David Searer, Jr., pleaded guilty to conspiracy to manufacture and distribute marijuana. At sentencing, the district court denied Searer's acceptance-of-responsibility reduction based on his use of opiates and amphetamines while on bond. Searer appeals that determination. For the following reasons, we **AFFIRM**.

## FACTUAL AND PROCEDURAL BACKGROUND

Searer was indicted for his involvement in a conspiracy to manufacture and distribute marijuana. Soon after his initial appearance, Searer violated the conditions of his bond by testing positive for opiates and amphetamines. However, he was permitted to remain on bond in order to receive substance abuse treatment. Nevertheless, he continued to use controlled substances numerous times before his bond was eventually revoked.

When the probation officer recommended that Searer be denied the acceptance-of-responsibility reduction, Searer objected, arguing the existence of mitigating circumstances. Specifically, he noted that he attempted to enter inpatient treatment but could not find a program that would accept him since he did not have insurance. The district court denied him an acceptance-of-responsibility reduction, providing the following explanation:

> I'm not suggesting that Mr. Searer is willful and wanting to rub the law's face into the ground by continuing to use. He may well have, certainly seems to have, serious problems with addiction, and that needs to be addressed. But in terms of the guideline issue, it seems to me regardless of substance abuse problems, particularly after Pretrial worked with him and got him into KPEP initially, where the behavior continues unabated, . . . acceptance-of-responsibility credit is not appropriate.

Although Searer's Guidelines range was twenty-seven to thirty-three months, the district court imposed a below-Guidelines sentence of twenty-four months.

## ANALYSIS

Searer contends the district court erred in denying his acceptance-of-responsibility reduction. "We review a sentence imposed by the district court for reasonableness." *United States v. Webb*, 616 F.3d 605, 608-09 (6th Cir. 2010) (citing *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006)). Generally, the reasonableness of a sentence is reviewed under the abuse-of-discretion standard. *Id*. at 609. But where the challenge to the sentence involves the denial of credit for acceptance of responsibility, we review for clear error.[1] *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996).

---

[1] Searer claims that because no facts are in dispute, this court should review the denial of his acceptance-of-responsibility credit de novo. However, following the Supreme Court's decision in *Buford v. United States*, 532 U.S. 59 (2001), even if the facts are not in dispute, "this court has held that our standard of review of a district court's application of provisions of the Sentencing Guidelines to the facts should be treated deferentially and should not be disturbed unless clearly erroneous." *United States v. Webb*, 335 F.3d 534, 537 (6th Cir. 2003) (citing *United States v. Jackson-Randolph*, 282 F.3d 369, 389-90 (6th Cir. 2002)).

The Sentencing Guidelines entitle a defendant who "clearly demonstrates acceptance of responsibility for his offense" to receive a two-level reduction in his sentence. USSG § 3E1.1(a). While a defendant's truthful admission to wrongdoing "will constitute significant evidence of acceptance of responsibility for the purposes of [USSG § 3E1.1](a). . . . this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1 cmt. n.3. One factor that may weigh against a defendant's admission of guilt is whether he "voluntar[ily] terminat[ed] or withdr[ew] from criminal conduct or associations." *Id*. cmt. n.1(B). "[T]he phrase 'voluntary termination or withdrawal from criminal conduct' refers to conduct which is of the same type or that is *related* to the underlying offense, and not illegal conduct generally." *United States v. Redmond*, 475 F. App'x 603, 612 (6th Cir. 2012) (emphasis added) (quoting USSG § 3E1.1 cmt. n.1(B)).

Searer argues that his continued use of controlled substances while on bond was unrelated to his offense of conviction. To further his position, Searer cites to multiple cases in which this court found the defendant's post-plea conduct unrelated to the offense of conviction and thus not a permissible basis to deny the acceptance-of-responsibility credit. But those cases involve instances in which the offense of conviction was significantly different from the post-plea conduct. *See United States v. Hughes*, 420 F. App'x 533, 537 (6th Cir. 2011) ("[Defendant's] post-plea conduct of drug dealing is 'wholly distinct' from his illegal possession of a firearm."); *United States v. Ackerman*, 246 F. App'x 996, 999 (6th Cir. 2007) (finding a firearm conviction unrelated to defendant's use of marijuana while on bond); *United States v. Banks*, 252 F.3d 801, 807 (6th Cir. 2001) ("[Defendant's] post-plea assault and destruction of property charges were plainly unrelated to the offenses for which he was being sentenced (drug trafficking and firearm possession)."). Rather, where a defendant is convicted of a crime

involving drugs, such as conspiracy to distribute, and later tests positive for use of that drug while on bond, we have found the offense of conviction and post-plea conduct sufficiently related to deny the acceptance-of-responsibility reduction. *See United States v. Walker*, 182 F.3d 485, 489-90 (6th Cir. 1999) (holding a defendant's conviction for conspiracy to distribute cocaine and use of cocaine while on bond related); *United States v. Zimmer*, 14 F.3d 286, 289 (6th Cir. 1994) (concluding a defendant's conviction for manufacturing marijuana and use of marijuana while on bond related).

Searer argues that unlike other cases finding relatedness in drug cases, his offense of conviction involved a different drug than the ones that resulted in his bond revocation. True enough, but we have affirmed the denial of a defendant's acceptance-of-responsibility credit even when the drug involved in the offense of conviction is different from the drug used while on bond. *See United States v. Humphreys*, 108 F. App'x 329, 329-30 (6th Cir. 2004). In *Humphreys*, the defendant, convicted of conspiracy to manufacture methamphetamine, was denied the acceptance-of-responsibility reduction for violating the terms of her bond by testing positive for marijuana use. *Id*. at 330. Searer asserts that *Humphreys* is distinguishable from his case because of "the sheer number and variety of [Humphreys's] bond violations were viewed as adequate grounds for denying acceptance." This is only partially true; before even addressing Humphrey's multiple violations, we noted that "Humphreys tested positive for illegal drug use while she was on bond, which *constitutes continued criminal conduct*." *Id*. at 330 (emphasis added). Moreover, not only did Searer test positive for use of controlled substances, but he also failed to attend substance abuse treatment and diluted his urine samples.

In another analogous case, a defendant pleaded guilty to manufacturing methamphetamine and possessing chemicals used in the manufacture of methamphetamine.

*United States v. Redmond*, 475 F. App'x 603, 604 (6th Cir. 2012). While awaiting sentencing, the defendant tried to convince a co-defendant to help him smuggle drugs into the prison. *Id*. at 607. Like Searer, the defendant contended his post-plea conduct only evidenced "his drug problem and d[id] not indicate less remorse for his involvement in drug-trafficking offenses." *Id*. at 613. We disagreed, explaining "both the [defendant's] underlying offense and the subsequent conduct were drug-related." *Id*. The same is true here. Searer's continued use of controlled substances while awaiting sentencing demonstrated that "he has not turned away from the lifestyle that led to his original drug offense." *Id*. Therefore, the district court did not clearly err in denying Searer's acceptance-of-responsibility reduction.

**AFFIRMED**.